IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FLACCUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANCED DISPOSAL SERVICES, INC., ) <br> and ADVANCED DISPOSAL SERVICES ) <br> EASTERN PA, INC. f/k/a/ ADVANCED ) <br> DISPOSAL SERVICES SHIPPENSBURG, ) <br> LLC, ) <br> ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO.: |

## NOTICE OF REMOVAL
## UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

Defendant Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services, Shippensburg, LLC ("ADSEPA"), pursuant to the applicable provisions of the Class Action Fairness Act, Pub. L. No. 109-2, codified in part at 28 U.S.C. § 1332(d) ("CAFA"), removes this matter from the Court of Common Pleas of Chester County, Pennsylvania, where it was originally filed, to the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division. As grounds for this removal, ADSEPA states as follows:

### BACKGROUND

1. Plaintiff filed this putative class action on April 23, 2014, in the Court of Common Pleas of Chester County, Pennsylvania, Civil Action Number 2014-03659 against

30650133 v6

"Advanced Disposal Systems."[1] At that time, the case was not removable because, among other reasons, minimal diversity did not exist.

2. On June 24, 2014, a Stipulation to Amend Caption and Complaint was filed identifying "Advanced Disposal Systems" by its proper legal name, Advanced Disposal Services Shippensburg, LLC ("ADS Shippensburg").[2] *See* Ex. 1, June 24, 2014 Order.

3. Plaintiff thereafter filed an Amended Class Action Complaint on April 29, 2015, which was served on ADS Shippensburg the same day. A true and correct copy of all process, pleadings, and orders served upon the parties in this action to date is attached as Exhibit "1." As before, the case was not removable because, among other reasons, minimal diversity did not exist.

4. Plaintiff subsequently filed a Petition for Leave to File an Amended Complaint on August 22, 2017. The Petition for Leave sought to amend the previous Amended Class Action Complaint to add a new defendant, Advanced Disposal Services, Inc., and to expand the putative class to customers in all counties within the Commonwealth of Pennsylvania, not just Chester County. *See* Ex. 1, Plaintiff's Petition for Leave to File an Amended Complaint, at ¶¶ 8-10.

5. The state court entered a Stipulated Order on September 25, 2017 in which Plaintiff and ADSEPA agreed that the Second Amended Complaint would be filed on or before September 27, 2017. *See id.*, Stipulation and Proposed Amended Class Action Order. The Second Amended Complaint was filed by Plaintiff with the Court on September 27, 2017.

---

[1] The Caption of the Original Class Action Complaint listed "Advanced Disposal Systems;" however, the allegations were asserted against "Advanced Disposal Services." Regardless, neither was a legal entity at the time. *See* Ex. 1, Original Class Action Complaint.

[2] Advanced Disposal Services Shippensburg, LLC merged with and into News PA Holdings, Inc. by merger filed 12/28/15, effective 12/31/15. News PA Holdings, Inc. merged with and into Advanced Disposal Services Lehigh Valley, Inc. by merger filed 12/29/15, effective 12/31/15. Advanced Disposal Services Lehigh Valley, Inc. changed its name to Advanced Disposal Services Eastern PA, Inc. by amendment filed 12/29/15, effective 12/31/15.

6. The Second Amended Complaint named ADSEPA and Advanced Disposal Services, Inc. ("ADSI") as defendants (ADSEPA and ADSI collectively referred to as "Defendants"). *See id.*, Second Amended Class Action Complaint. ADSI, the newly named defendant, has not been served with the Second Amended Class Action Complaint as of the date of this filing.

7. The Second Class Action Complaint alleges Defendants improperly charged the putative class members fuel surcharges, environmental fees, and administrative fees (the "Cost Recovery Fees"). *See* Ex. 1, Second Amended Class Action Complaint, at ¶¶ 2, 15-16. Plaintiff, individually and on behalf of the putative class, asserts claims for breach of contract (Count I), unjust enrichment (Count II), and violation of Pennsylvania's unfair trade practices and consumer protection law (Count III). *See id.* at ¶¶ 47-65.

8. Pursuant to Pennsylvania Rule of Civil Procedure § 1701 *et seq.*, Plaintiff seeks to certify three classes defined as:

(a) "[A]ll persons and entities who reside or are located in Pennsylvania and pay or paid for solid waste disposal services from Defendants (or their predecessors or subsidiaries) who were charged fuel surcharges, environmental fees, and/or administration fees from October 1, 2012 through the present."

(b) "[A]ll persons and entities who reside or are located in Pennsylvania and pay or paid for solid waste disposal services from Defendants (or their predecessors or subsidiaries) who were charged fuel surcharges, environmental fees, and/or administrative fees from April 23, 2010 through the present."

(c) "[A]ll Pennsylvania residents who paid fuel surcharges, environmental fees, and/or administrative fees due to Defendants (or their predecessors or subsidiaries) from April 23, 2008 through the present in connection with solid waste disposal services received from Defendants (or their predecessors or subsidiaries) for personal, family, or household purposes."

Ex. 1, Second Amended Class Action Complaint, ¶¶ 11, 12, 13, 39(a), 39(b), 39(c).

9. Based on these causes of action, "Plaintiff, individually and on behalf of the class, respectfully requests that the Court enter [a] judgment... awarding compensatory damages and

all monetary relief authorized by law," "disgorgement of all improperly received Cost Recovery Fees," "prejudgment and post judgment interest," "reasonable attorneys' fees and reimbursement of expenses . . . including experts' fees," and "for treble damages in accordance with 73 P.S. § 201-9.2(a)." *Id.* at Prayer for Relief.

10. This Notice of Removal is timely filed within the time frame set forth in 28 U.S.C. § 1446(b)(3), as it is being filed within thirty (30) days after the Court of Common Pleas entered the Stipulated Order on September 25, 2017 agreeing to the filing of the Second Amended Class Action Complaint on September 27, 2017. *See* 28 U.S.C. § 1446(b)(3). *See also Chapin v. Whitecap Inv. Corp.*, No. CV 2013-42, 2014 WL 656971, at *2-3 (D.V.I. Feb. 20, 2014) (holding "that a proposed amended complaint does not become operative for removal purposes until the Superior Court grants leave to amend"). This was the first paper on which federal jurisdiction was made known because it added ADSI, which created the minimal diversity required by CAFA and because the expanded putative class places more than $5,000,000 in controversy.

## JURISDICTION

11. This is a civil action over which this Court has original jurisdiction pursuant to the CAFA. Under CAFA, any putative class action commenced on or after the statute's effective date of February 18, 2005, may be removed when:

(i)  The suit involves a class action filed under Federal Rule 23 or a similar state statute;

(ii) Any "class member" is a citizen of a state different from any defendant;

(iii) The class members' claims, in aggregate, exceed the sum or value of $5,000,000.00; and

(iv) The number of members of the proposed class exceeds 100.

28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(2)(A) & (d)(5)(B).

12. As set forth below, each of CAFA's requirements is satisfied: this suit involves a putative class action filed under a statute similar to FED. R. CIV. P. 23; at least one class member is diverse from one defendant; the putative class members' claims exceed $5,000,000.00 in the aggregate; and the number of members of the proposed class exceeds 100. Federal jurisdiction therefore exists over this action.

13. The amounts set forth herein are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000.00 threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendants deny liability, deny Plaintiff is entitled to recover any amount, and deny that a class can be properly certified in this matter.

14. Further, ADSI has consented to and joined in this Notice of Removal. A Consent and Joinder to Removal on behalf of ADSI is attached as Exhibit 2.

II. **THIS CASE INVOLVES A "CLASS ACTION" AS DEFINED BY CAFA.**

15. CAFA defines a "class action" as:

> (B) the term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

28 U.S.C. § 1332 (d)(1)(B).

16. Plaintiff seeks class certification pursuant to Pennsylvania Rule of Civil Procedure 1701. *See* Ex. 1, Second Amended Complaint, ¶¶ 10, 39. Pennsylvania Rule of Civil Procedure 1701 is similar to Federal Rule of Civil Procedure 23 and thus the first CAFA requirement is satisfied. *See Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, n.9 (W.D. Pa. 2010) (Recognizing that Pennsylvania Rule of Civil Procedure 1701 incorporates criteria essentially identical to those of Federal Rule 23(a)).

III.    **AT LEAST ONE CLASS MEMBER IS DIVERSE FROM ONE DEFENDANT.**

17. CAFA does not require complete diversity, but rather, requires minimal diversity, which may be established when:

> Any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C. § 1332(d)(2)(A).

18. Plaintiff Anne Flaccus is a Pennsylvania resident who, until 2014, owned property at 847 Valley Forge Road, Phoenixville, Pennsylvania, in Schuylkill Township, and personally resided at such residence until 2014. *See* Ex. 1, Second Amended Class Action Complaint, ¶ 5. The named Plaintiff is therefore a Pennsylvania citizen for diversity purposes. Further the putative classes encompass "all persons or entities who reside or are located in Pennsylvania . . ." *See id.* at ¶ 10-13. Thus, the putative class members include citizens of Pennsylvania.

19. Defendant ADSI, is a Delaware corporation whose principal place of business is Ponte Vedra, Florida. *See id.* at ¶ 6. ADSI is therefore a citizen of Delaware and Florida for diversity purposes. *See* 28 § 1332(c)(1).

20. The CAFA "minimal diversity" requirements are satisfied because the class representative and many of the putative class members are diverse from at least one defendant. Thus, minimal diversity exists and the second CAFA requirement is satisfied. *See* 28 U.S.C. § 1332(d)(l)(D) (stating that "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.").

IV.    **THE PROPOSED CLASS INCLUDES OVER 100 MEMBERS.**

21. CAFA's expanded jurisdiction applies only to class actions comprised of 100 or more class members. *See* 28 U.S.C. § 1332(d)(5)(B). This CAFA requirement is easily satisfied.

22. Plaintiff alleges in her Second Amended Complaint that although the exact number of putative class members is unknown, the number is "estimated to be at least numbered in the hundreds or thousands." *See* Ex. 1, Second Amended Class Action Complaint, ¶ 42.

23. Therefore, the requirement for the putative class being comprised of more than 100 members is met. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) ("Because [Plaintiff] explicitly asserted in her complaint that there are "hundreds of members," [Defendant] was entitled to rely on this fact as an admission in favor of jurisdiction.") (citations omitted).

## V. THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION.

24. CAFA also requires that a Complaint put in controversy more than $5,000,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). Importantly, CAFA requires claim aggregation when determining the amount put at issue by a complaint:

> b) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § 1332(d)(6).

25. Plaintiff has now redefined the putative class definitions to include residents and entities from the entire Commonwealth of Pennsylvania (Ex. 1, Second Amended Class Action Complaint, ¶¶ 11, 12, 13, 39(a), 39(b), 39(c), and alleges that by "improperly charging Plaintiff and the class the misleading Cost Recovery Fees, Defendants have received moneys belonging to Plaintiff and the class [and] Defendants ... should not be permitted to keep the fees." Ex. 1, Second Amended Class Action Complaint, ¶ 57. As confirmed by the testimony of Matt Gunnelson, ADSI and ADSEPA have recognized revenues associated with the Cost Recovery Fees charged to Pennsylvania customers in excess of $5,000,000 since 2012. The amount in

controversy for the relevant class periods therefore exceeds the CAFA threshold. *See* Exhibit 3, Affidavit of Matthew Gunnelson, at ¶ 6

26. As a result, CAFA's jurisdictional requirement of a $5,000,000 amount in controversy is clearly satisfied in this case.

## ADOPTION AND RESERVATION OF DEFENSES

27. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of ADSEPA's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) improper joinder of claims and/or parties; (2) failure to state a claim; (3) the mandatory arbitrability of some or all of the claims; or (4) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## PROCEDURAL REQUIREMENTS

28. CAFA's jurisdictional prerequisites are satisfied.

29. A true and correct copy of this Notice of Removal has been mailed for filing with the Court of Common Pleas of Chester County, Pennsylvania.

30. This Notice of Removal is timely filed. *See supra* at ¶ 8.

31. ADSI has consented to the removal of this matter. *See* 28 U.S.C. § 1446(b)(2)(A).

32. The United States District Court for the Eastern District of Pennsylvania, Philadelphia Division, is the court and division embracing the place where this action is pending in the Court of Common Pleas.

33. ADSEPA respectfully requests an opportunity to brief and argue before the Court any issue or question concerning the removal of this case in the event Plaintiff seeks remand or the Court otherwise visits the issue.

34. ADSEPA reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

                                                    Respectfully submitted,

                                                    LAMB McERLANE PC

Dated: October 24, 2017             By: _____
                                                       Joel L. Frank (I.D. No. 46601)
                                                       John J. Cunningham (I.D. No. 70975)
                                                       24 East Market Street
                                                       P.O. Box 565
                                                       West Chester, PA 19381
                                                       Tel.: (610) 430-8000
                                                       Fax: (610) 692-0877
                                                       *Attorneys for Advanced Disposal Services Eastern PA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 24th day of October, 2017:

William T. Wilson, Esq.
BAILEY & EHRENBERG PLLC
120 N Church Street, Suite 206
West Chester, PA 19380
Phone: 484-605-1146
Fax: 484-631-1610
Email: wtw@becounsel.com

Deborah R. Gross, Esq.
Benjamin M. Mather, Esq.
KAUFMAN, COREN & RESS, P.C.
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 3900
Phone: 215-735-8700
Fax: 215-735-5170
Email: dgross@kcr-law.com
       bmather@kcr-law.com

_____
OF COUNSEL