IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE FLACCUS | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 2:17-cv-04808 |
| ADVANCED DISPOSAL | : | |
| SERVICES, INC., et al., | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this 27th day of June, 2018, upon consideration of Plaintiff's Third Amended Complaint (ECF No. 11), Defendant Advanced Disposal Services, Inc.'s Motion to Dismiss the Third Amended Complaint for Lack of Personal Jurisdiction (ECF No. 15), Plaintiff's Response in Opposition thereto (ECF No. 21), and Defendants' Joint Reply (ECF No. 25), it is hereby **ORDERED** as follows:

1. Defendant Advanced Disposal Services, Inc.'s Motion (ECF No. 15) is **DENIED without prejudice**.

2. Plaintiff's request for jurisdictional discovery (ECF No. 21, p. 8) is **GRANTED** as outlined herein.

3. The parties are directed to engage in limited fact discovery for the purpose of ascertaining Defendant Advanced Disposal Services, Inc.'s relationship with the corporate entity – by the same name – presently registered to do business in the Commonwealth.[1]

---

[1] Plaintiff proffers evidence that identifies a foreign corporation operating under the name "Advanced Disposal Services Inc." and registered to do business in Pennsylvania as recently as November 2017. (ECF No. 21, Ex. C.) Although said company's registration with the Commonwealth's Department of State was effectuated in February 2013 by an individual presently serving on "Advanced Disposal's" executive staff (ECF No. 21, Exs. D and E), Defendant Advanced Disposal Services, Inc. ("ADSI") maintains that it and the Pennsylvania registered foreign business are not one and the same. (ECF No. 25, p. 5-6.) Absent clarity on what, if any, business Defendant ADSI is registered to conduct under the laws of the Commonwealth, this Court cannot rule on the issue of Defendant ADSI's consent to suit in this forum.

    4. The parties are directed to engage in limited fact discovery for the purpose of ascertaining the extent to which Defendant Advanced Disposal Services, Inc. exercised sufficient operational control over Defendant Advanced Disposal Services Eastern PA, Inc. to permit a finding of alter ego jurisdiction.[2]

    5. The parties are further directed to engage in limited fact discovery for the purpose of ascertaining the nature of the employment relationship between Defendant Advanced Disposal Services, Inc. and "Advanced Disposal" employees – like Operations Analyst Lynne Graley.[3]

---

[2] The in-forum contacts of an in-forum corporation can be imputed to a related, foreign corporation where the plaintiff can "demonstrate that the out-of-forum corporation either controls or is controlled by an in-forum affiliate to such a degree that the two corporations operate as a single, amalgamated entity." In re Chocolate Confectionary Antitrust Litig., 674 F. Supp. 2d 580, 596 (M.D. Pa. 2009). To buoy her argument that Defendant ADSI is subject to general jurisdiction in this forum, Plaintiff adduces evidence that suggests significant corporate enmeshment between Defendant ADSI and Defendant Advanced Disposal Services Eastern PA ("ADSEPA") – a corporation over which the Court undoubtedly has jurisdiction. (ECF No. 21, Exs. A-W.) Plaintiff's exhibits demonstrate that between Defendant ADSI and each of its corporate subsidiaries exists common use of a central website, shared advertisement, common use of corporate trademark and logo, centralized client-billing, centralized recruitment, and shared legal counsel. Plaintiff alleges that the aforementioned, taken together, evince Defendant ADSI's role as the alter-ego of each of its corporate subsidiaries, including Defendant ADSEPA. (ECF No. 21, p. 17-20.) Though compelling, without further facts regarding Defendant ADSI's role in its subsidiaries' day-to-day operations and performance of business functions, this Court is reluctant to hold that Defendant ADSEPA is subject to general jurisdiction in each of the seventeen states in which its subsidiaries exist. As Plaintiff has presented "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state," Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted), this Court will permit the parties to engage in limited fact discovery to determine the true level of ADSI's involvement in ADSEPA's Pennsylvania-based operations.

[3] As it relates to specific jurisdiction, Plaintiff alleges that Defendant ADSI purposefully directed its tortious activities at the forum by way of the "Cost Recovery Fees" administered to Pennsylvania residents at the direction of Lynne Graley, Operations Analyst of "Advanced Disposal." (ECF No. 21, p. 11); (ECF No. 21, Ex. G.) Plaintiff alleges that the aforementioned fees have generated millions of dollars in revenue for Defendant ADSI at the expense of Pennsylvania customers. (ECF No. 21, p. 11.) Pennsylvania has a "manifest interest in providing effective means of redress when a foreign corporation reaches into the state and solicits its citizens." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 325 (3d Cir. 2006) (internal quotation marks omitted). As such, *if* these fees were imposed at Defendant ADSI's direction, such information is central to this Court's holding on specific jurisdiction.

The Court notes, though, that throughout the pleadings and relevant Motion filings, the parties distinguish between Defendant ADSI's employees and those employees that work on behalf of "Advanced Disposal." It is unclear, at this early stage, whether "Advanced Disposal" employees like Ms. Graley are hired by Defendant ADSI to unify the operations of Defendant ADSI and its numerous subsidiaries or whether

6. The parties shall have ninety (90) days from the filing of this Order to complete the above-described discovery.

7. Any dispositive motions related to the issue of personal jurisdiction shall be filed within thirty (30) days of the close of discovery and shall be filed in accordance with this Court's Policies and Procedures. [4]

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.

---

"Advanced Disposal" employees like Ms. Graley function independently, without oversight by ADSI or any of its executive personnel. The Court orders limited discovery with the expectation that the ordered discovery will clarify the nature of the employment relationship between Defendant ADSI and "Advanced Services'" employees.

[4] http://www.paed.uscourts.gov/documents/procedures/jonpol.pdf