**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNE FLACCUS, | |
| Plaintiff, | |
| v. | Civil Action No. 2:17-cv-04808-CDJ |
| ADVANCED DISPOSAL SERVICES, INC. f/k/a ADS WASTE HOLDINGS, INC.; ADVANCED DISPOSAL SERVICES EASTERN PA, INC. f/k/a ADVANCED DISPOSAL SERVICES SHIPPENSBURG, LLC; and ADVANCED DISPOSAL SERVICES SOUTH, LLC f/k/a ADVANCED DISPOSAL SERVICES, INC. | |
| Defendants. | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2020, upon consideration of Plaintiff's Motion for Partial Reconsideration of the Order granting Defendant Advanced Disposal Services, Inc.'s Motion for Summary Judgment and dismissing the claims against it for lack of personal jurisdiction (ECF No. 40), and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion for Reconsideration is **GRANTED**, that the Order is vacated to the extent that it pertains to Advanced Disposal Services, Inc., and that Advanced Disposal Services, Inc.'s Motion for Summary Judgment is **DENIED**.

BY THE COURT:

_____
C. DARNELL JONES, II  J.
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNE FLACCUS,<br><br>        Plaintiff,<br><br>    v.<br><br>ADVANCED DISPOSAL SERVICES, INC.<br>f/k/a ADS WASTE HOLDINGS, INC.;<br>ADVANCED DISPOSAL SERVICES<br>EASTERN PA, INC. f/k/a ADVANCED<br>DISPOSAL SERVICES SHIPPENSBURG,<br>LLC; and ADVANCED DISPOSAL<br>SERVICES SOUTH, LLC f/k/a ADVANCED<br>DISPOSAL SERVICES, INC.<br><br>        Defendants. | Civil Action No. 2:17-cv-04808-CDJ |

**PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF ORDER**
**DISMISSING DEFENDANT ADVANCED DISPOSAL SERVICES, INC.**
**FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Anne Flaccus hereby moves, pursuant to this Court's "inherent power over interlocutory orders," *see, e.g., Monfared v. St. Luke's Univ. Health Network*, 2016 WL 3194562 (E.D. Pa. June 8, 2016) (*citing United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)), for partial reconsideration of this Court's December 23, 2019 Order (the "ADSI Order") to the extent that it granted the motion for summary judgment of Defendant Advanced Disposal Services, Inc. ("ADSI") raising a purported lack of personal jurisdiction.

For the reasons set forth in the memorandum of law being submitted contemporaneously herewith, Plaintiff respectfully suggests that the Court should grant Plaintiff's Motion for Reconsideration and enter an order partially vacating the ADSI Order with respect to ADSI and denying ADSI's Motion for Summary Judgment.

Respectfully submitted,

Dated: January 6, 2020

/s/ Andrew J. Belli
Deborah R. Gross, Esq.
Benjamin M. Mather, Esq.
Andrew J. Belli, Esq.
**KAUFMAN, COREN & RESS, P.C.**
Two Commerce Square
2001 Market Street, Suite 3900
Philadelphia, PA 19103
Phone: (215) 735-8700
Fax: (215) 735-5170
dgross@kcr-law.com
bmather@kcr-law.com
abelli@kcr-law.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNE FLACCUS, | |
| Plaintiff, | |
| v. | Civil Action No. 2:17-cv-04808-CDJ |
| ADVANCED DISPOSAL SERVICES, INC. f/k/a ADS WASTE HOLDINGS, INC.; ADVANCED DISPOSAL SERVICES EASTERN PA, INC. f/k/a ADVANCED DISPOSAL SERVICES SHIPPENSBURG, LLC; and ADVANCED DISPOSAL SERVICES SOUTH, LLC f/k/a ADVANCED DISPOSAL SERVICES, INC. | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL RECONSIDERATION OF ORDER DISMISSING DEFENDANT ADVANCED DISPOSAL SERVICES, INC. FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Anne Flaccus respectfully moves, pursuant to this Court's "inherent power over interlocutory orders," *see, e.g., Monfared v. St. Luke's Univ. Health Network*, 2016 WL 3194562 (E.D. Pa. June 8, 2016) (*citing United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)), for partial reconsideration of this Court's December 23, 2019 Order (the "ADSI Order," ECF No. 40) to the extent that it granted the motion for summary judgment of Defendant Advanced Disposal Services, Inc. ("ADSI") raising a purported lack of personal jurisdiction.

Succinctly stated, this Court should grant reconsideration because, when accepting as true Plaintiff's evidence and all reasonable inferences derived therefrom:

1)      alter ego jurisdiction exists by virtue of ADSI's control and domination over its subsidiary Advanced Disposal Services Eastern PA, Inc. ("ADSEPA"), which is established by, inter alia: a) an internal report establishing that managers of ADSI subsidiaries like ADSEPA

have no independent decision-making authority, but are instead simply responsible for carrying

out the directives of ADSI and b) an Authorized Signatory Policy which requires some level of

ADSI approval for every single transaction entered into by a subsidiary like ADSEPA and

establishes that ADSI approves a budget which governs its subsidiaries and has officers that

overlap with its subsidiaries; and

        2)       specific jurisdiction exists because ADSI has thousands of employees in

Pennsylvania responsible for executing instructions issued by ADSI, including instructions

concerning the cost recovery fees at issue in this lawsuit.

## II.    <u>FACTUAL AND PRODCEDURAL BACKGROUND</u>

        ADSI first raised its challenge to personal jurisdiction in a motion to dismiss.  *See* ECF

No. 15.  This Court denied the motion without prejudice and granted Plaintiff's request for

jurisdictional discovery, directing the parties "to engage in limited fact discovery for the purpose

of ascertaining the extent to which Defendant Advanced Disposal Services, Inc. exercised

sufficient operational control over Defendant Advanced Disposal services Eastern PA, Inc." and

"to engage in limited fact discovery for the purpose of ascertaining the nature of the employment

relationship between Defendant Advanced Disposal Services, Inc. and 'Advanced Disposal'

employees – like Operations Analyst Lynne Graley."   6/28/2018 Order, ECF No. 27.

Elaborating on its grant of jurisdictional discovery, this Court held as follows:

> Plaintiff adduces evidence that suggests significant corporate enmeshment
> between Defendant ADSI and Defendant Advanced Disposal Services Eastern PA
> ("ADSEPA") – a corporation over which the Court undoubtedly has jurisdiction.
> (ECF No. 21, Exs. A-W.) Plaintiff's exhibits demonstrate that between Defendant
> ADSI and each of its corporate subsidiaries exists common use of a central
> website, shared advertisement, common use of corporate trademark and logo,
> centralized client-billing, centralized recruitment, and shared legal counsel.
> Plaintiff alleges that the aforementioned, taken together, evince Defendant
> ADSI's role as the alter-ego of each of its corporate subsidiaries, including
> Defendant ADSEPA. (ECF No. 21, p. 17-20.) Though compelling, without further

facts regarding Defendant ADSI's role in its subsidiaries' day-to-day operations and performance of business functions, this Court is reluctant to hold that Defendant ADSEPA is subject to general jurisdiction in each of the seventeen states in which its subsidiaries exist. As Plaintiff has presented "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state," *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted), this Court will permit the parties to engage in limited fact discovery to determine the true level of ADSI's involvement in ADSEPA's Pennsylvania-based operations. . . .

As it relates to specific jurisdiction, Plaintiff alleges that Defendant ADSI purposefully directed its tortious activities at the forum by way of the "Cost Recovery Fees" administered to Pennsylvania residents at the direction of Lynne Graley, Operations Analyst of "Advanced Disposal." (ECF No. 21, p. 11); (ECF No. 21, Ex. G.) Plaintiff alleges that the aforementioned fees have generated millions of dollars in revenue for Defendant ADSI at the expense of Pennsylvania customers. (ECF No. 21, p. 11.) Pennsylvania has a "manifest interest in providing effective means of redress when a foreign corporation reaches into the state and solicits its citizens." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 325 (3d Cir. 2006) (internal quotation marks omitted). As such, if these fees were imposed at Defendant ADSI's direction, such information is central to this Court's holding on specific jurisdiction.

The Court notes, though, that throughout the pleadings and relevant Motion filings, the parties distinguish between Defendant ADSI's employees and those employees that work on behalf of "Advanced Disposal." It is unclear, at this early stage, whether "Advanced Disposal" employees like Ms. Graley are hired by Defendant ADSI to unify the operations of Defendant ADSI and its numerous subsidiaries or whether "Advanced Disposal" employees like Ms. Graley function independently, without oversight by ADSI or any of its executive personnel. The Court orders limited discovery with the expectation that the ordered discovery will clarify the nature of the employment relationship between Defendant ADSI and "Advanced [Disposal]" employees.

*Id.* at n. 2 & 3.

Per the Court's instructions, the parties conducted discovery on these points, which discovery conclusively revealed that:

1)      the "true level of ADSI's involvement in ADSEPA's Pennsylvania-based operations" is that ADSI not only suggests, but in fact dictates ***all*** strategic decisions for

subsidiaries like ADSEPA, *see, e.g.,* Exhibit E[1], ECF No. 37-8 at p. 16 (internal ADSI report which states that individuals acting on behalf of ADSI subsidiaries ██████████████ ██████████████████████████████████████████████████); Ex. DD, ECF No. 37-33 at ADS 002892-ADS 002900 (Authorized Signatory Policy requiring ████████████████ ████████████████████████████████████████████████); and

      2)     that virtually all "Advanced Disposal" employees, including not only Ms. Graley but also about one thousand employees performing a wide variety of tasks within Pennsylvania, are in fact employees of ADSI, *see, e.g.,* Ex. EE, ECF No. 37-34 at p. 5, #3 (ADSI's responses to interrogatories stating that "Advanced Disposal Services, Inc. presently employs all Advanced Disposal employees, with the exception of those located in Kentucky."); Ex. Q, ECF No. 37-20, Guest Dep. at 10:4-25 (ADSI Director of Corporate Benefits Glenn Guest estimates that ADSI has one thousand employees working in Pennsylvania, including sales representatives, truck drivers, managers, supervisors, garbage collection helpers, landfill operators, clerks, and accountants).

     After the completion of the limited jurisdictional discovery ordered by this Court, Defendants ADSI and Advanced Disposal Services South, LLC ("ADS South") filed motions for summary judgment requesting dismissal for lack of personal jurisdiction. ECF Nos. 33 and 34. Plaintiff opposed both motions, *see* ECF Nos. 36, 37, and 38, and, on December 23, 2019, this Court issued an Order (ECF No. 40) and accompanying Memorandum (ECF No. 39) which denied ADS South's motion and granted ADSI's motion with prejudice.

---

[1]     All Exhibit letters cited herein refer to the Exhibits to the Declaration of Andrew J. Belli, ECF Nos. 37-3 through 37-34. Certain of the exhibits referenced herein were filed under seal. *See* ECF No. 38.

III.   **LEGAL STANDARDS**

A.   **Standard for a Motion for Reconsideration**

The Court's "inherent power over interlocutory orders," permits it to "reconsider them when it is consonant with justice to do so." *Monfared v. St. Luke's Univ. Health Network*, 2016 WL 3194562, at *1 (E.D. Pa. June 8, 2016) (*citing United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)). A proper motion for reconsideration must rely on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Morgan*, 512 F. App'x 124, 126 (3d Cir. 2013); *Spady v. Bethelem Area Sch. Dist.*, 2016 WL 6995024, at *3 (E.D. Pa. Nov. 30, 2016).

B.   **Standard for a Motion For Summary Judgment Regarding Personal Jurisdiction**

Pursuant to Federal Rule of Civil Procedure 56, a party "may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought," and the Court shall grant summary judgment "if the movement shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is considered "genuine" if a reasonable jury could find for the non-moving party, and is considered "material" if it might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "All factual doubts should be resolved and all reasonable inferences drawn in favor of the nonmoving party." *Merced v. Gemstar Group, Inc.*, 2015 WL 1182860, at *1 (E.D. Pa. Mar. 13, 2015).

Jurisdictional defenses are "more appropriately" addressed "by way of Rule 12(b)(2) of the Federal Rules of Civil Procedure, rather than Rule 56," but personal jurisdiction may be

5

properly addressed on a Rule 56 motion as long as the Court considers only the jurisdictional issue, not the merits of the claims against the defendant. *Marten v. Goodwin*, 499 F.3d 290, 295 n.2 (3d Cir. 2007); *Scott v. Lackey*, 587 F. App'x 712, 715 (3d Cir. 2014). However, even if the parties have engaged in jurisdictional discovery, a plaintiff need only establish a *prima facie* case of personal jurisdiction if an evidentiary hearing has not been held. *See Leonard A. Feinberg, Inc. v. Central Asia Capital Corp., Ltd.*, 936 F. Supp. 250, 253-54 (E.D. Pa. 1996) (*quoting Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)) (explaining that "until such a hearing is held, a *prima facie* showing suffices, notwithstanding any controverting presentation by the moving party, to defeat the motion"); *In re Fisker Auto. Holdings, Inc. S'holder Litig.*, 2018 WL 4036412, at *7 (D. Del. Aug. 21, 2018) (where parties had engaged in jurisdictional discovery but no evidentiary hearing had been conducted, plaintiff's burden was to make a *prima facie* showing of personal jurisdiction). "In determining whether plaintiff has made a *prima facie* case, the Court does not act as a fact-finder but rather accepts properly supported proffers of evidence by the plaintiff as true." *Bro-Tech Corp. v. Thermax, Inc.*, 2006 WL 516767, at *2 (E.D. Pa. Feb. 28, 2006) (internal quotation marks omitted).

IV.   **ARGUMENT**

A.   **Reconsideration Is Appropriate With Respect to Alter Ego Jurisdiction**

In granting ADSI's motion to dismiss, this Court held as follows with respect to alter ego jurisdiction:

> [T]o establish alter ego jurisdiction, Plaintiff would need to provide [the Court] with additional facts regarding Defendant ADSI's role in Defendant ADSEPA's day-to-day operations based on the factors set forth in *Simeone ex rel. Estate of Albert Francis Simeone, Jr. v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 672 (E.D. Pa. 2005) . . . . [D]aily, actual control for the purpose of establishing alter ego jurisdiction could have been established in a variety of ways, including with evidence of Defendant ADSI's: (1) control of ADSEPA's management, (2) ability to fire ADSEPA's management; (3) control of ADSEPA's budget; and (4)

regular evaluation of ADSEPA's operations against performance benchmarks. . . . The evidence of record does not address any of these factors . . . [and] Plaintiff has not provided evidence that Defendant ADSEPA had to comply with the policy, guidance, and training set by Defendant ADSI, or that both entities used common management and personnel, or that Defendant ADSI set and monitored Defendant ADSEPA's budget and performance benchmarks.

Memorandum, ECF No. 39 at pp. 11-13.

In so holding, this Court overlooked the following uncontroverted evidence, which conclusively establishes that ADSI maintains incredibly strict control over all of its subsidiaries, which include ADSEPA. First, an internal report ██████████████ on behalf of ADSI established that ADSI not only suggests, but in fact dictates all decisions for its subsidiaries, and that the ████████████████████████████████████████████████████████████ ████████████████████████████████████████████. *See* Exhibit E, ECF No. 37-8; Pl. Opp. ADSI MSJ SUF, ECF No. 37-1 ¶¶ 3-4. According to the ████████████, which was ████████████████████████████████████████████████████████████████████ ████████████████████████████████[2]:

o ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████ *id.* at p. 6;

o ADSI provides its subsidiaries with ████████████████████████ *id.* at p. 7;

o ADSI operates as the de facto management of operating companies like ADSEPA and,

████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

---

[2]   *See* Exhibit E, ECF No. 37-8 at p. 1.

████████████████████████████████████████████████████████

███████████████████████████████████████ *id.* at p. 16;

   ○ ████████████████████████████████████████████████

████████████████████████████████████ *id.* at p. 21; and

   ○ ████████████████████████████████████████████████

████████████████████████ *id.* at p. 22.

     The second category of evidence which overwhelmingly establishes that ADSI maintains control of its subsidiaries' operations is an internal document and testimony establishing that the board of directors of ADSI has complete control over its subsidiaries by virtue of its implementation of an ████████████████ (the "Signatory Policy") which governs, inter alia, the ████████████████████████████ for all ADSI subsidiaries. *See* Ex. DD, ECF No. 37-33; Pl. Opp. ADSI MSJ SUF, ECF No. 37-1 ¶ 30. The Signatory Policy is dated as of April 23, 2013, was enacted by ADSI predecessor in interest Advanced Disposal Waste Holdings Corp., and, according to the testimony of ADSI corporate designee Steve Del Corso, remains in effect and continues to give ADSI the power to dictate policies for its subsidiaries. *Id.*; Ex. D, ECF No. 37-7, Del Corso Dep. at 83:4-84:4; *see also* Ex. DD, ECF No. 37-33 at ADS 002885 (board minutes of ADSI predecessor Advanced Disposal Waste Holdings Corp. stating that the ████████████████████████████

████████████████████████████████████████████████████

██████████████████████████ ).

     The Signatory Policy ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████ *Id.* at ADS

002899.  The Signatory Policy ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ ” *See*

*id.* at ADS 002892, ADS 002896.  Removing all doubt that the Signatory Policy ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████ of ADSI.  *Id.* at ADS 002899.

    Moreover, the Signatory Policy also establishes that ADSI and its subsidiaries ████████

████████████████████████████████████████████████████. *See id.* at ADS 002895

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████ ; *id.* at ADS 002894 (████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████. The Signatory Policy

is consistent with ADSI's interrogatory responses, which admit that, with respect to ADSI

subsidiaries, "Advanced Disposal Services, Inc. oversees their policies and sets limits on

authority levels and expenditures."  *See* Exhibit EE, ECF No. 34 at p.6, #5.

When the aforementioned evidence is applied to controlling law, it is apparent that it would be consonant with justice to reconsider the dismissal of ADSI to correct clear legal error, especially in light of the fact that Plaintiff need only make a prima facie showing and that all factual inferences much be drawn in her favor.  *See, e.g., Leonard A. Feinberg, Inc.*, 936 F. Supp. at 253-54.  Applying the proper legal standard to the established facts, Plaintiff respectfully suggests that she has met her burden with respect to the issue of control both generally and with respect to the specific points on which the Court found her to be lacking.

Moreover, careful analysis of *Simeone ex rel. Estate of Albert Francis Simeone, Jr. v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 672 (E.D. Pa. 2005) – the case cited in this Court's Memorandum – in light of the aforementioned evidence further supports the conclusion that Plaintiff met her burden.  In holding that the plaintiff met its burden with respect to establishing that an Austrian-based manufacturer was the alter ego of a subsidiary over which Pennsylvania jurisdiction did exist, Simeone cited the following factors as controlling, ***all of which*** are also present here:

- ownership of all of the stock of the subsidiary, *compare id.* at 676 *with* Ex. F, ECF No. 37-9 at p. 95 (ADSI Form 10-K identifying Exhibit 21.1 as a listing of "Subsidiaries of Advanced Disposal Services, Inc.," and listing ADS Eastern PA and ADS South among those subsidiaries);

- overlap of officers, *compare Simeone* at 676 *with* Ex. DD, ECF No. 37-33 at ADS 002895 ( ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ████████████████████████████████ ) ;

- "the [parent company's] corporate office, rather than [the subsidiary's] own management team, made major business decisions [for the subsidiary]," *compare Simeone* at 676 *with* Ex. DD, ECF No. 37-33 (Signatory Policy) and Exhibit E, ECF No. 37-8 at p. 16 ██████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████);

- control and supervision over the subsidiary's budget, *compare Simeone* at 676-77 *with* Ex. DD, ECF No. 37-33 at ADS 002894 (██████████████████████████████

██████████████████████████████████████████████████

████████████████████);

- use of "a policy manual to govern numerous aspects of [the subsidiary's] operations," *compare Simeone* at 677 *with* Ex. DD, ECF No. 37-33 (Signatory Policy) and Ex. Q, Guest Dep. 13:4-14:2 (establishing that ADSI sets policies for employees who perform tasks for subsidiaries via an employee handbook);

- control over the subsidiary's negotiations and contracting with third parties, *compare Simeone* at 678 *with* Ex. DD, ECF No. 37-33 (Signatory Policy); and

- representations to the public which "blur[] the two companies together" by "project[ing] a common marketing image by continuously holding itself and [the subsidiary] out to the public as a single entity that is conveniently departmentalized," *compare Simeone* at 679 (quotation marks and citation omitted) *with, e.g.,* 6/28/2018 Order, ECF No. 27 ("Plaintiff's exhibits demonstrate that between Defendant ADSI and each of its corporate subsidiaries exists common use of a central website, shared advertisement, common use of corporate trademark and

logo, centralized client-billing, centralized recruitment, and shared legal counsel.") and Ex. W, ECF Co. 37-26 (LinkedIn page on which ADSI states that "[w]e provide collection, transfer, disposal and recycling operations to more than 221,000 commercial customers and 2.8 million residential customers throughout [various states including] Pennsylvania[.]").

Given the aforementioned evidence, the legal standard requiring deference to the evidence set forth by Plaintiff, and the law as set forth in *Simone*, Plaintiff respectfully suggests that this Court committed clear error by holding that it lacks personal jurisdiction over ADSI, and that it would be a manifest injustice to allow ADSI to escape liability based on this clear error.

### B.      Reconsideration Is Appropriate With Respect to Specific Jurisdiction

At the motion to dismiss stage, this Court held that "if [the] fees [at issue] were imposed at Defendant ADSI's direction, such information is central to this Court's holding on specific jurisdiction" and granted limited discovery on the issue of "whether 'Advanced Disposal' employees like Ms. Graley are hired by Defendant ADSI to unify the operations of Defendant ADSI and its numerous subsidiaries or whether 'Advanced Disposal' employees like Ms. Graley function independently, without oversight by ADSI or any of its executive personnel. The Court orders limited discovery with the expectation that the ordered discovery will clarify the nature of the employment relationship between Defendant ADSI and 'Advanced [Disposal]' employees." 6/27/2018 Order, ECF No. 27.

With this guidance in hand, Plaintiff took discovery which conclusively established that not only Ms. Graley, but also virtually all other "Advanced Disposal" employees are employees of ADSI.  *See* Ex. EE, ECF No. 37-34 at p. 5, #3 (ADSI's responses to interrogatories stating that "Advanced Disposal Services, Inc. presently employs all Advanced Disposal employees,

with the exception of those located in Kentucky."); *id.* (listing both Ms. Graley and the "General Manager for Norristown, PA" as ADSI employees). This admission is in and of itself to settle the Court's inquiry in favor of Plaintiff. *Cf. Sterner v. Titus Transp., LP*, No. 3:CV-10-2027, 2013 WL 6506591, at *1 (M.D. Pa. Dec. 12, 2013) (holding that a defendant's admission that the plaintiff was its employee was binding on it and conclusive as to various legal issues in a personal injury case). When all disputes of material fact are resolved in Plaintiff's favor, as they must be at this stage, the admission that all Advanced Disposal employees are employees of ADSI and thus its agents must control over ADSI's corporate designee's bald contention that ADSI is nothing more than a "common paymaster." *See, e.g.,* EMPLOYEE, Black's Law Dictionary (11th ed. 2019) (defining an "employee" as "[s]omeone who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance").

Moreover, facts adduced during discovery and the reasonable inferences derivable therefrom further revealed that ADSI was responsible for not only making the strategic decision to implement the cost recovery fees at issue, but was also responsible for the day to day implementation and assessment of those fees. As discussed above, subsidiaries of ADSI are simply ████████████████████████████████████████████████████ *See* Ex. E, ████████████, p. 16, and Plaintiff set forth numerous instances of monthly instructions provided by ADSI regarding the assessment of the fees. *See, e.g.*, Ex. G, ECF No. 37-10 (emails providing rates to use for fuel fees and environmental fees in April 2013 and December 2013 billings); Ex. X, ECF No. 37-27 (████████████████); Ex. Y, ECF No. 37-28 (██████ ██████████████); Ex. Z, ECF No. 37-29 (██████████████); *see also* Ex. D,

ECF No. 37-7, Del Corso Dep. 48:22-49:17 (ADSI's corporate designee testifies that these instructions were issued by ADSI).

ADSI's argument that these instructions are simply "guidance" which the subsidiaries are free to disregard is belied by the Signatory Policy, which reveals that ███████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████. Ex. DD, ECF No. 37-33 at ADS 002896; *compare Simeone*, 360 F. Supp. 2d at 678 (rejecting the subsidiary's argument that policies issued by the parent should be dismissed as mere guidance when a corporate representative "could recall no . . . policy that differed from those set forth" by the parent) *with* Ex. D, ECF No. 37-7, Del Corso Dep. at 27:4-21 (ADSI corporate designee testifies that he is unaware of any instance where a subsidiary disregarded instructions issued by ADSI).

Simply stated, since it took the reins as the entity sitting atop the Advanced Disposal enterprise, ADSI has exerted draconian control over all aspects of its subsidiaries, including their assessment of the Cost Recovery Fees to Pennsylvania customers at issue in this lawsuit.  It has accordingly purposefully directed its activities at the forum which are an essential aspect of Plaintiff's claims, and this Court's exercise of personal jurisdiction is appropriate.  In light of the aforementioned evidence, which must be accepted as true, holding that no specific jurisdiction exists constitutes clear legal and factual error.

V.      **<u>CONCLUSION</u>**

In light of the foregoing facts and authorities, Plaintiff respectfully submits that the Court should reconsider the ADSI Order granting Defendant Advanced Disposal Services, Inc.'s motion for summary judgment and enter an order partially vacating the ADSI Order to the extent it pertains to ADSI and denying ADSI's motion for summary judgment.

Dated: January 6, 2020              /s/ Andrew J. Belli
                                    Deborah R. Gross, Esq.
                                    Benjamin M. Mather, Esq.
                                    Andrew J. Belli, Esq.
                                    **KAUFMAN, COREN & RESS, P.C.**
                                    Two Commerce Square
                                    2001 Market Street, Suite 3900
                                    Philadelphia, PA 19103
                                    Phone: (215) 735-8700
                                    Fax: (215) 735-5170
                                    dgross@kcr-law.com
                                    bmather@kcr-law.com
                                    abelli@kcr-law.com
                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Andrew J. Belli, hereby certify that on January 6, 2020, I caused a true and correct copy of the foregoing Motion for Reconsideration to be served on the following counsel via e-mail and ECF:

Joel L. Frank, Esquire
John J. Cunningham, IV, Esquire
LAMB McERLANE PC
24 East Market Street
P.O. Box 565
West Chester, PA 19381

Bryan O. Balogh, Esquire
BURR FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

*Attorneys for Defendants*

/s/ Andrew J. Belli
Andrew J. Belli