IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE FLACCUS, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 17-4808 |
| ADVANCED DISPOSAL SERVICES, | : | |
| INC., et al, | : | |
|    *Defendants*. | : | |

**MEMORANDUM**

**JONES, II   J.**                                                                                               **October 8, 2020**

**I.       INTRODUCTION**[1]

Presently before the Court is Plaintiff Anne Flaccus's ("Plaintiff") Motion for Partial Reconsideration (ECF No. 41) [hereinafter Motion] of the Court's Memorandum Opinion and Order dated December 23, 2019 (ECF Nos. 39, 40), wherein the Court granted Defendant Advanced Disposal Services, Inc.'s ("ADSI") Motion for Summary Judgment (ECF No. 33).[2] In the instant Motion, Plaintiff advances the following two arguments: (1) the Court ignored "uncontroverted evidence" that establishes alter ego jurisdiction; and (2) Defendant Advanced Disposal Services Eastern PA, Inc.'s ("ADSEPA") employees are employed by Defendant ADSI, thereby establishing specific jurisdiction through a joint employer/single employer theory.  For the reasons set forth herein, the Court denies Plaintiff's Motion.

**II.      STANDARD OF REVIEW**

As established in *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669 (3d Cir. 1999), "the purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact

---

[1] The Court trusts the Parties' familiarity with the relevant factual and procedural background. *See* Court's 12/23/2019 Memorandum Opinion and Order (ECF Nos. 39, 40) for a comprehensive recitation of the facts.
[2] On January 6, 2020, Plaintiff submitted an unredacted version of the Motion for Partial Reconsideration. (ECF No. 43). Hereafter, the Court will refer to Plaintiff's unredacted briefing as Plaintiff's Supplement to Motion for Reconsideration.

or to present newly discovered evidence." *See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted). Thereupon, it is within a court's discretion to grant reconsideration where "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [prior motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 744 (E.D. Pa. 2007) (internal quotation omitted).

### III. DISCUSSION

#### A. Alter Ego Jurisdiction

In the present Motion, Plaintiff first contends that reconsideration is appropriate in regard to alter ego jurisdiction because an internal report prepared by KPMG ("KPMG Report"), for the purpose of developing state transfer pricing, establishes that "ADSI maintains incredibly strict control over all of its subsidiaries." (*See* Pl.'s Suppl. Mot. Recons. 7, ECF No. 43; Pl.'s Resp. Opp'n ADSI Mot. Summ. J. Ex. D ("KPMG Transfer Pricing Report"), ECF No. 37-8). Specifically, Plaintiff argues that Defendant ADSI's subsidiaries "have no independent decision-making authority" in accordance to said document.

The Court has previously stated that for Plaintiff to establish alter ego jurisdiction, "Plaintiff ha[s] to make a *prima facie* case that Defendant ADSI had actual control over the daily

activities of Defendant ADSEPA." (Court's Dec. 23, 2019 Op. 12, ECF No. 39).[3] *See Simeone ex rel. Estate of Albert Francis Simeone, Jr. v. Bombardier–Rotax GmbH*, 360 F. Supp. 2d 665, 675 (E.D. Pa. 2005) (identifying the discrete factors a court must to consider when evaluating alter ego jurisdiction). More precisely, Plaintiff would have to prove "that the parent controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parents." *Id.* (citing *Arch. v. Am. Tobacco Co.*, 984 F. Supp 830, 837 (E.D. Pa. 1997)).

Here, Plaintiff has neither argued an intervening change in controlling law nor the availability of new evidence; rather, Plaintiff contends that the Court made a clear error of law that had produced manifest injustice. The Third Circuit has reasoned that to prove manifest injustice, a plaintiff "must show more than mere disagreement with the earlier ruling; [Plaintiff] must show that the [] Court committed a 'direct, obvious, [or] observable error.'" *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311-312 (3d Cir. 2018) (citing Black's Law Dictionary (10th ed. 2014)). The focus of this error is of its "gravity and overtness." *Id.* at 312. Despite Plaintiff's assertions regarding the KPMG Report, Plaintiff has failed to depict the contours of a "direct, obvious, [or] observable error" made by the Court. *In re Energy Future Holdings Corp.*, 904 F.3d at 312 (quotation marks omitted).

Next, Plaintiff argues that the Court overlooked the "Signatory Policy,"[4] which is an internal corporate document establishing Defendant ADSI's board of directors as having complete control over all of Defendant ADSI's subsidiaries, including Defendant ADSEPA. (*See* Pl.'s Suppl. Mot. Recons. 8). Specifically, Plaintiff argues that the Signatory Policy asserts the following: (1) Defendant ADSI's control over its subsidiaries' budgets; (2) Defendant ADSI's

---

[3] The Court has specifically addressed the topic of alter ego jurisdiction in its Order denying Defendant's Motion to Dismiss and in its Memorandum in response to Defendant's Motion for Summary Judgment. *See* ECF No. 27; ECF No. 29.

[4] *See* Pl.'s Resp. Opp'n ADSI Mot. Summ. J. Ex. CC ("Signatory Policy"), ECF No. 37-33.

officers are shared with its subsidiaries; and (3) Defendant ADSI's control over every conceivable transaction from a subsidiary. (*See* Pl's Suppl. Mot. Recons. 8-9).

Once again, Plaintiff's assertions support no more than a general degree of control that Defendant ADSI has over its subsidiaries. (*See* Court's Dec. 23, 2019 Op. 13). As the Court has previously stated, "the evidence does not, and indeed could not, state a *prima facie* case of alter ego jurisdiction where Plaintiff has not provided evidence that Defendant ADSEPA had to comply with the policy, guidance, and training set by Defendant ADSI." (Court's Dec. 23, 2019 Op. 13). Plaintiff has not persuaded the Court that a clear error leading to manifest injustice has been made, but rather, Plaintiff has taken an opportunity to relitigate this issue using the same record that the Court has already thoroughly reviewed. *See Blue v. Defense Logistics Agency*, Civ. A. No. 04-2210, 2005 WL 1655883, at *1 (E.D. Pa. July 14, 2005) (stating that the "purpose of reconsideration is not to reargue matters already decided") (citing *Abu-Jamal v. Horn*, Civ. A. No. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001)). Hence, Plaintiff's argument has once again failed to depict the contours of a "direct, obvious, [or] observable error" made by the Court. *In re Energy Future Holdings Corp.*, 904 F.3d at 312 (quotation marks omitted).

### B. Specific Jurisdiction

Plaintiff contends that reconsideration is appropriate with respect to specific jurisdiction because Defendant ADSEPA's employees are employed by the parent company Defendant ADSI, and thus, Defendant ADSEPA's jurisdictional contacts should be imputed upon Defendant ADSI. (Pl.'s Suppl. Mot. Recons. 2). Particularly, Plaintiff asserts that the during the discovery process responses to interrogatories along with other documents prove that all Defendant ADSEPA employees are employees of Defendant ADSI except those stationed in Kentucky. (*See* Pl's Resp. Opp'n ADSI Mot. Summ. J. Ex. DD ("Defendant ADSI's Objections and Responses to Plaintiff's Interrogatories Concerning Personal Jurisdiction") at 5, ECF No. 37-34). However, the Court

stated in its December Memorandum that "whether an employment relationship exists is a question of law," and that the interrogatories providing support to this assertion is "of no moment." (Court's Dec. 23, 2019 Op. 13).

Accordingly, the Court reasoned that "[t]o state a *prima facie* case of such a relationship for jurisdictional purposes, Plaintiff needed to establish the same day-to-day control by Defendant ADSI over Defendant ADSEPA–as is needed to establish an alter ego relationship." (*See* Court's Dec. 23, 2019 Op. 13) (citing *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 317-18 (W.D. Pa. 2010)). Additionally, on a motion for reconsideration the moving party must prove a "direct, obvious, [or] observable error" made by the Court. *In re Energy Future Holdings Corp.*, 904 F.3d at 312 (quotation marks omitted). As such, the Court stands by its previous conclusion that Plaintiff failed to make a *prima facie* case for a joint employer/single employer theory and meet the high bar of a motion for reconsideration. (*See* Court's Dec. 23, 2019 Op. 13).

Furthermore, Plaintiff argues that Defendant ADSI was responsible for both implementing cost recovery fees and for the implementation of these fees on a daily basis, thus, invoking day-to-day control over Defendant ADSEPA. To support this assertion, Plaintiff references a plethora of documents including the Signatory Policy, which Plaintiff states represent a "draconian control over all aspects of its subsidiaries." (Pl.'s Suppl. Mot. Recons. 14). These documents were not "new evidence," and thus, have already been carefully reviewed by the Court. Previously, the Court stated that Plaintiff has failed to present evidence that Defendant ADSEPA had to implement any of these fees or that the proceeds from these fees benefited Defendant ADSI in more than a general sense. Here, Plaintiff has failed to meet the mark once again in providing evidence to show

that the Court made an error in its previous Memorandum. Therefore, as previously stated, this fee structure cannot be deemed "purposeful availment" of this specific forum.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration shall be denied. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.