IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FLACCUS | : CIVIL ACTION |
| | : |
| v. | : NO. 17-4808 |
| | : |
| ADVANCED DISPOSAL SERVICES | : |
| SOUTH, LLC | : |
| | : |

## ORDER

**AND NOW,** this 22nd day of November 2022, following our November 17, 2022 Order (ECF Doc. No. 55) setting today's Status Conference, and having reviewed the issues with trial counsel including Defendant's out-of-District counsel not admitted to practice in this District but necessary to understand the Defendant's theories and trial scheduling, it is **ORDERED** the parties and counsel admitted to practice shall proceed consistent with Federal Rule 1 so as to be prepared to try the issues beginning on either **May 15, 2023** (individual) or **July 11, 2023** (class) :

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov.

2. We amend the caption as above to reflect dismissal of Advanced Disposal Services, Inc. on December 23, 2019 (ECF Doc. No. 40).

3. Defendant's Affirmative Defense No. 26 (ECF Doc. No. 42) is **STRICKEN with prejudice** consistent with leave under Federal Rule 15.

4. Defendant's counsel signing the Affirmative Defenses (ECF Doc. No. 42) shall, no later than **November 28, 2022** either: file a Notice withdrawing one or more Affirmative Defense Nos. 3, 5, 6, 7, 8, 9, 10, 21, 22, 23, and 25; or file memoranda not exceeding fifteen pages

specifically demonstrating signing counsel's fact and legal Rule 11(b) basis for Affirmative Defense Nos. 3, 5, 6, 7, 8, 9, 10, 21, 22, 23, and 25 if not withdrawn.[1]

5. All motions to amend the pleadings and to join or add additional parties shall be filed by **January 6, 2023.**

---

[1] Federal Rule of Civil Procedure 11 requires defenses based on pleaded facts known to the defendant at time of filing and law applicable to the pleaded facts. *See MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 626–27 (8th Cir. 2003) (affirming imposition of sanctions against defendant for raising affirmative defenses lacking factual or legal basis); *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387–88 (D. Md. 2014) (reciting answers with "irrelevant and unsupported affirmative defenses" is sanctionable under Rule 11); *Profile Publ'g and Mgmt. Corp. APS v. Musicmaker.com., Inc.*, 242 F. Supp. 2d 363, 366–67 (S.D.N.Y. 2003) (finding violation of Rule 11 because defendant asserted affirmative defenses "without the reasonable inquiry required under the circumstances").

When pleading an affirmative defense, the defendant has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" to ensure the defense is not frivolous, legally unreasonable, and without factual foundation. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enter.*, 498 U.S. 533, 545 (1991)). Affirmative defenses may be frivolous when they are highly repetitive, inapplicable, and duplicative. *See Edwards v. CSXT Transp., Inc.*, 338 F.R.D. 590, 593 (E.D.N.C. 2021) ("[A] party or attorney who includes inapplicable or unsupportable affirmative defenses exposes themselves to Rule 11 sanctions.").

As Judge Wolson recently reminded us, asserting affirmative defenses prophylactically, "[t]o the extent that discovery or investigation may reveal" facts supporting the defenses, or because the defenses may apply in similar cases may violate Rule 11 and warrant sanctions. *Greenspan v. Platinum Healthcare Group, LLC*, No. 20-5874, 2021 WL 978899, at *2–3 (E.D. Pa. Mar. 16, 2021). An affirmative defense must also provide a "factual background to support any of the affirmative defenses asserted," and the law must be "evidently applicable to the claims asserted." *Innovative Sports Mgmt., Inc. v. Neto*, No. 13-1497, 2013 WL 5935982, at *2 (D.N.J. Nov. 1, 2013) ("A defendant asserting frivolous pleadings or defenses . . . may be subject to sanctions under Rule 11."); *see also Fed. Deposit Ins. Corp. v. Loudermilk*, 930 F.3d 1280, 1295 n.13 (11th Cir. 2019) (encouraging counsel to read Rule 11 when filing "affirmative defenses that really aren't affirmative defenses" lest they "knowingly allege another self-proclaimed frivolous affirmative defense").

We recognize counsel may be under time pressure or an unfounded concern to plead inapplicable defenses fearing waiver. *See, e.g., Schwarz v. Meinberg*, No. 13-356, 2016 WL 4370050, at *3 (C.D. Cal. Aug. 10, 2016) (penalizing a defendant for exercising an "abundance of caution" when pleading affirmative defenses is "inappropriate"). But counsel should not do so and given the alternative, "the answer is never to file an answer—or any other pleading—without a factual basis." *Greenspan*, 2021 WL 978899, at *3.

6.	All fact and expert discovery shall be served, noticed, and completed by **April 28, 2023.**[2] Discovery shall proceed in two phases: (1) to prepare timely motions and responses for class certification and for summary judgment on Plaintiff's claim as Defendant elected to possibly seek summary judgment on Plaintiff's claim mindful of other possible lead plaintiffs; and then, if we certify a class, (2) to prepare for trial of the claims of the defined Class. Nothing in this Order precludes written discovery addressing Phase 2 issues before certification but the responding party need not respond to Phase 2 discovery until twenty days after our certification Order.

7.	Counsel declined referral for mediation purposes to Judge Hey as they already scheduled private mediation before the Honorable Morton Denlow (Ret.).ECF Doc. No. 52.

8.	Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory on Phase I issues no later than **December 28, 2022** and on Phase 2 issues by **April 3, 2023.** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party for Phase I no later than **January 23, 2023** and for Phase II no later than **April 25, 2023.** Expert depositions, if any, shall be concluded no later than **April 28, 2023**

9.	Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or

---

[2] We urge counsel to focus their initial discovery efforts on facts necessary to move for class certification or summary judgment related to Plaintiff's claim. Should *all* parties wish to extend a *discovery* deadline *without extending any other deadlines* in this Order, the parties may agree to do so without seeking leave.

documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

10. Motions for summary judgment on the named Plaintiff's claims or for class certification in Phase I shall be filed no later than **February 21, 2023**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **March 7, 2023**.

(a) Upon filing for class certification, the movant shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix. Parties shall provide Chambers with one (1) paper courtesy copy of all class certification submissions by overnight mail or hand delivery within one (1) business day of filing.

(b) Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(i) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle

the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

    (ii)  Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

    (iii)  Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

    (iv)  Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

    (v)  Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning

5

sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

      (vi)    Parties shall provide Chambers with one (1) paper courtesy copy of all summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

      (vii)    Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

11.    If the case is certified, all motions for decertification or for summary judgment on the class claims and *Daubert* motions, if any, shall be filed no later than **May 8, 2023**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **May 22, 2023**.

12.    If the case is not certified after Phase 1 but proceeds beyond summary judgment on Plaintiff's claims, we will set a conference call to address pre-trial steps necessary to try a three day jury trial beginning **May 15, 2023** in Courtroom 6B.

13.    If the case is certified as a class action after Phase 1:

      a)    No later than **June 15, 2023**, counsel for each party shall exchange a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

      b)    No later than **June 16, 2023**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

c)  No later than **June 20, 2023**, each party shall file a pretrial memorandum compliant with this Court's Policies.

d)  All motions affecting trial presentations (e.g., *in limine* or bifurcation), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the contested exhibits and highlighted designations to Chambers) shall be filed on or before **June 21, 2023**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **June 27, 2023**.

e)  A final pretrial conference will be held telephonically on **June 30, 2023**. at **8:45 A.M.** over our Court's conference line: 888-278-0296 / 5723096#.

f)  Counsel is attached for an eight-day trial on the certified class claims beginning on **July 11, 2023** at **9:00 A.M.** in Courtroom 6B.

14. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

15. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

_____
KEARNEY, J.