IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FLACCUS | : CIVIL ACTION |
| | : |
| v. | : NO. 17-4808 |
| | : |
| ADVANCED DISPOSAL SERVICES EASTERN PA, INC., ADVANCED DISPOSAL SERVICES SOUTH, LLC | : : : |

# ORDER

AND NOW, this 21st day of February 2023, upon considering the extensive pre-hearing briefing and arguments presented during our noticed February 15, 2023 hearing on Plaintiff's Motion for preliminary approval of a class action settlement (ECF Doc. No. 81), Plaintiff's Memorandum (ECF Doc. No. 81-3) with attached Settlement Agreement (ECF Doc. No. 81-5), Notice under the Class Action Fairness Act (ECF Doc. No. 81-5 at 33–38), Declaration of Benjamin M. Mather, Esquire (ECF Doc. No. 81-4), Plaintiff's post-hearing Supplemental Memorandum (ECF Doc. No. 84) attaching revised postcard and website Notices (ECF Doc. Nos. 84-1, 84-3) addressing several questions raised during our noticed February 15, 2023 hearing on Plaintiff's unopposed Motion where all counsel agreed to modify language and deadlines in the Notice consistent with our due process requirements and experienced counsel representing the modified language did not require a new settlement agreement, and for good cause, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 81) for preliminary approval is **GRANTED** requiring the parties proceed consistent with this Order, the Federal Rules of Civil Procedure, and consistent with due process towards our **August 30, 2023** Final Approval Hearing:

### *We preliminarily approve the Settlement Agreement.*

1. We preliminarily approve the Settlement Agreement (ECF Doc. No. 81-5) after applying the factors required by our Court of Appeals for preliminary approval as being fair, reasonable, and adequate, and in the best interest of Plaintiff and putative Settlement Class as defined below for the defined "Released Claims" under the Pennsylvania Trade Practices and Consumer Protection Law.[1]

2. Settlement is the most expeditious, efficient, and fair means of resolving the Released Claims. This Order shall govern to the extent terms in the Settlement Agreement differ from obligations imposed by this Order. The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of a claim or right of any person or entity to participate in the Settlement are under this Court's authority.

3. The Settlement, if finally approved after our **August 30, 2023** hearing on the parties' motions for final approval and fee award, finally resolves the Released Claims against the Released Parties asserted in the Third Amended Class Action Complaint (ECF Doc. No. 11).

4. The Settlement and the negotiations or proceedings connected with it shall not be construed as an admission or concession by Advanced Disposal Services Eastern PA, Inc. or Advanced Disposal Services South, LLC as to the validity of claims or as to the truth of the allegations of any liability, fault, or wrongdoing of any kind.

---

[1] We adopt the terms and conditions in the Settlement Agreement (ECF Doc. No. 110-3) to the extent not inconsistent with this Order. Preliminary approval is not a rubber stamp of a proposed agreement. *In re Nat'l Football Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 715 (E.D. Pa. 2014). As we addressed during our preliminary approval hearing, we must screen for "obvious" problems and deficiencies and ensure the settlement negotiations occurred at arm's length; sufficient discovery; and the proponents are experienced in similar litigation. *Kopchak v. United Resource Sys., et al.*, No. 13-5884, 2016 WL 4138633, at *6 (E.D. Pa. Aug. 4, 2016) (citing *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 324 (E.D. Pa. 2014)).

5. As we confirmed during our hearing, Plaintiff and Class Counsel had sufficient information to evaluate the settlement value of the claims before concluding the Settlement is fair, reasonable, and adequate.

6. If the Settlement had not been achieved, Plaintiff and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation.

7. The Settlement Agreement provides, in exchange for dismissal of the Class Action and a release of claims, Defendants will pay total Settlement Funds of $2,200,000.00 to be allocated pro rata to each Settlement Class Member. (ECF Doc. No. 81-5 at 7-9).

8. Defendants have agreed to the forgiveness of a total of $565,345.60 in debt purportedly owed by certain class members.

9. The parties agreed, subject to our scrutiny of their motions, to cap:

a. attorneys' fees for Class Counsel at 33 1/3% of the Settlement Funds (a maximum amount of $733,333.26), which shall be recovered from the Settlement Funds;

b. reimbursement for demonstated litigation costs and expenses advanced and carried by Class Counsel for the duration of this Class Action, including the pre-litigation investigation period, not to exceed $25,000 (as represented during our hearing), recovered from the Settlement Funds;

c. reimbursement for demonstrated costs payable to Settlement Administrator KCC Class Action Services, LLC not to exceed $100,000 recovered from the Settlement Funds; and,

d. an incentive payment to the Class Representative not to exceed $15,000 and, like all awards and aspects of the settlement, will be subject to our scrutiny to ensure maximum recovery to the Class under the Law.

10. The Settlement Agreement terms related to attorney's fees, expenses, and Settlement Class Representative Incentive Payment do not raise obvious questions concerning fairness of the Settlement Agreement, and there are no agreements, apart from the Settlement Agreement, required to be considered under Federal Rule of Civil Procedure 23(e)(2)(C)(iv).

11. At all times, the Class Representative and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class.

### *We preliminarily certify the Settlement Class.*

12. We preliminarily find for settlement purposes Plaintiff conditionally satisfies prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b):

    a. We find the class may be maintained for settlement purposes ("Settlement Class"). The Settlement Class Members are:

> **All Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018. Excluded from the class are: (1) all customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.**

    b. The Settlement Class is ascertainable from records kept with respect to Defendants' TRUX database and from other objective criteria, and the Settlement Class is so numerous (12,224 members) and with relatively little individual recovery opportunities so as to render joinder of all members impracticable under Federal Rule of Civil Procedure 23(a)(1);

    c. As required by Federal Rule of Civil Procedure 23(a)(2), there are one or more questions of law or fact common to the Settlement Class including whether Defendants

violated Pennsylvania law by improperly charging and collecting fuel surcharges, environmental fees, and administrative fees, and, if so, the appropriate measure of damages;

  d. As required by Federal Rule of Civil Procedure 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class the Class Representative seeks to certify;

  e. As required by Federal Rule of Civil Procedure 23(a)(4), the Class Representatives will fairly and adequately protect the interests of the Settlement Class because:

    i. the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class Members; and

    ii. there appear to be no conflicts between or among the Class Representative and the Settlement Class;

  f. As required by Federal Rule of Civil Procedure 23(b)(1), the prosecution of separate actions by individual Members of the Settlement Class would create a risk of:

    i. inconsistent or varying adjudications as to individual Settlement Class Members which would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or

    ii. adjudications as to individual Settlement Class Members, which as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests;

  g. As required by Federal Rule of Civil Procedure 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel:

    i. have done appropriate work investigating and litigating potential claims in the Class Action;

    ii. are experienced in handling class actions; and

    iii. have committed the necessary resources to represent the Settlement Class.

***We appoint the Settlement Class Representative and Class Counsel.***

13. We preliminarily appoint Anne Flaccus as Class Representative for the Settlement Class and Coren & Ress, P.C. as Class Counsel for the Settlement Class.

14. Attorneys at Coren & Ress, P.C. are appointed as Class Counsel upon considering (i) the work Class Counsel did in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted here; (iii) Class Counsel's knowledge of applicable law, and how those laws apply to the claims; and (iv) the resources Class Counsel committed to representing Plaintiff and the Settlement Class. Based on these factors, we find Class Counsel have and will continue to represent fairly and adequately the interests of Settlement Class.

***We appoint KCC Class Action Services, LLC as the Settlement Benefits Administrator.***

15. Having confirmed no conflicts with the parties or counsel and having studied its background and experience, we approve KCC Class Action Services, LLC (www.kccllc.com) as Settlement Benefits Administrator to administer the Settlement:

  a. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or additional Orders. The Settlement Funds shall expire after the Settlement Administrator distributes all of the assets of the Settlement Funds in accordance with the Settlement Agreement; provided, however, the Settlement Funds shall not terminate until its liability for any and all government fees, fines, taxes, charges, and

6

excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. We and the Settlement Administrator recognize there may be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Funds;

    b. The Settlement Administrator's records shall include complete information regarding actions taken with respect to the award of payments to any person, the nature and status of a payment from the Settlement Fund, and other information which the Settlement Administrator considers relevant to showing the Settlement Fund is being administered, and awards are being made, in accord with the purposes of the Settlement Agreement, this Order, and future Orders.

***The parties shall timely confirm approved notice.***

  16. We approve of the Notice (ECF Doc. No. 84-1) as revised in accord with the parties' agreements during our February 15, 2023 hearing:

    a. On or before **March 17, 2023,** Defendants shall provide the Class List of contact information for all Settlement Class Members to KCC Class Action Services;

    b. KCC Class Action Services will mail the Notice (ECF Doc. No. 84-1) consistent with the Settlement Agreement and arrange the settlement website within fourteen days of receipt of the Class List but no later than **April 10, 2023;**

    c. KCC Class Action Services shall conduct an advanced address research (via skip-trace databases) to identify current mailing address information for each Settlement Class member for whom it receives Notice is undeliverable. KCC Class Action Services must

7

update the Settlement Class Member address information using data from the National Change of Address database;

        d.    KCC Class Action Services must again mail the Notice to any Settlement Class Member whose address shown in the National Change of Address database differs from the undeliverable address within ten days of notice of undeliverable mail[2]; and

        e.    On or before **April 28, 2023**, Class Counsel and KCC Class Action Services shall file an affidavit confirming compliance with the Notice obligations detailed in this paragraph including disclosing the number of persons who did not receive Notice after a skip-trace mailing.

17.    The reasonable expenses incurred by KCC Class Action Services in identifying the Members of the Settlement Class shall be a cost of the settlement deducted before calculating the recovery to each Settlement Class Member.

18.    Defendants shall provide CAFA Notice under 28 U.S.C. § 1715(b) to the appropriate governmental authorities no later than the end of the ten-day period provided by CAFA. Unless otherwise ordered, this Settlement shall be deemed "filed" under 28 U.S.C. §1715(b) upon entry of this Order.

19.    The content of the revised Notices (ECF Doc. No. 84–1, 84–3) and the process described in this Order and in the Settlement Agreement is the best notice practicable under the circumstances and satisfy the requirements of Federal Rule of Civil Procedure 23(c) and due process as modified to allow objectors to file a signed notice with name and nature of objection.

---

[2] We appreciate this obligation may be beyond the parties' understanding but we expect KCC Class Action Services will perform a timely advanced address research before the first mailing and thus minimize additional expense.

*Class Members are bound.*

20. All Settlement Class Members shall be bound by all determinations and judgments concerning the Settlement, including, but not limited to, the release, whether favorable or unfavorable to the Settlement Class.

*Class Counsel shall timely move for final approval and reasonable fees.*

21. Class Counsel are granted leave to move for final approval of the Settlement Agreement including addressing attached unresolved objections by **June 15, 2023;** and move for attorney's fees and reimbursement of litigation expenses with supporting billing records, and a Settlement Class Representative Incentive Payment by no later than **June 26, 2023**. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the defined Settlement website.

22. The Parties shall comply with the terms of the Settlement Agreement and this Order until such time as we can make a final determination as to the propriety of the Settlement at the Final Approval Hearing.

*Class Members may timely opt-out or object to the Settlement Agreement and fee awards.*

23. A Settlement Class Member or authorized recipient of a CAFA Notice may **object** or **opt-out** as described in the Notice no later than **July 20, 2023** to the fairness, reasonableness, or adequacy of the Settlement, to a term of the Settlement Agreement, to the proposed award of attorney's fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Settlement Class Representative Incentive Payment.

24. A Settlement Class Member making a written objection, may, but is not required to, appear at the August 30, 2023 Final Approval Hearing, either in person or through their own

9

attorney. If they appear through their own attorney, they are responsible for hiring and paying for the attorney.

25. A party may respond to an objection by a Settlement Class Member no later than **August 3, 2023**.

26. A Settlement Class Member who does not timely file a written objection or opt-out complying with the terms of this Order and approved Notice shall be deemed to have waived, and shall be foreclosed from raising, an objection to the Settlement Agreement and an untimely objection shall be barred.

*We will hold a Final Approval Hearing on August 30, 2023.*

31. We will hold a Final Approval Hearing on **August 30, 2023** at **9:30 AM**, United States Courthouse, 601 Market Street, Courtroom 6B, Philadelphia, Pennsylvania 19106 to determine whether: (a) the Class should be finally certified as a class action under Federal Rules of Civil Procedure 23(a) and (b); the terms and conditions provided in the Settlement Agreement are fair, reasonable, and adequate and should be finally approved based, in part, on resolving objections; the Released Claims should be dismissed with prejudice; the Settlement Class Members' representation by the Class Representatives and Class Counsel satisfy Federal Rule of Civil Procedure 23; Class Counsel's application for an award of attorney's fees not to exceed 33 1/3% of the Settlement Fund amount, attorney expenses not to exceed $25,000, Settlement Administrator costs not to exceed $100,000, and a Settlement Class Representative Incentive Payment not to exceed $15,000 should be approved; and other issues necessary for approval. **Attendance at the Final Approval Hearing is not necessary. Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.**

32. At or after the Final Approval Hearing, we will issue an Order on Class Counsel's motion for an award of attorney's fees, reimbursement of reasonable expenses, and Settlement Class Representative Incentive Payment to the Class Representative.

33. If we grant final approval and grant Class Counsel's Motion for attorney's fees, costs and expenses, or approve a Settlement Class Representative Incentive Payment, KCC Class Action Services shall disburse the payments of awarded attorney's fees and costs to Class Counsel (but not the Settlement Class Representative Incentive Payment to be distributed with payments to the Class Members) no earlier than seven days after providing calculations of all sums due.

34. We reserve the right to adjourn the **August 30, 2023** Final Approval Hearing without further notice to Settlement Class Members and retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

35. We may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

36. We may enter a judgment approving the Settlement regardless of whether we award attorney's fees and/or expenses or a Settlement Class Representative Incentive Payment.

37. If the Settlement is not approved at the Final Approval Hearing or consummated for any reason, this Order shall be rendered null and void, and be of no further force and effect. We will then promptly meet with counsel to set final obligations to prepare for trial.

*We stay the parties' obligations until further Order.*

38. Unless ordered otherwise, all proceedings in this case including obligations under our November 22, 2022 and January 20, 2023 Orders (ECF Doc. Nos. 62, 79) are stayed, except as may be necessary to implement the Settlement, comply with the terms of the Settlement Agreement, or other agreement of the Parties approved by us upon a showing of good cause.

39. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiff nor a Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any of the Released Claims against the Defendants in an action or proceeding in a court or tribunal.

_____
KEARNEY, J.