IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FLACCUS, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED DISPOSAL SERVICES EASTERN PA, INC. f/k/a ADVANCED DISPOSAL SERVICES SHIPPENSBURG, LLC; and ADVANCED DISPOSAL SERVICES SOUTH, LLC f/k/a ADVANCED DISPOSAL SERVICES, INC. <br><br> Defendants. | Civil Action No. 2:17-cv-04808-MAK |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGEMENT**

**AND NOW**, this ___ day of _____ 2023, upon considering Plaintiff's Motion for final approval of a class action settlement and approval of plan of administration, and following our February 21, 2023 preliminary approval Order (ECF No. 85, the "Preliminary Approval Order"), and the August 30, 2023 hearing to determine the fairness of the proposed Settlement, it is **ORDERED** that Plaintiff's Motion for final approval is **GRANTED** and **JUDGMENT** is entered in strict accord with the Settlement Agreement and this Order:

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement.

1.     The Court has jurisdiction over the subject matter of the Action and over all settling parties, including all Settlement Class Members.

2.  We certify a settlement class under Federal Rules 23(a) and (b)(3) defined as:

> **All Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018.  Excluded from the class are: (1)  all**

**customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.**

3.      The Court finds for the sole purpose of settling and resolving this Action that:

a.      as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept by Defendants and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

b.      as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

c.      as required by FED. R. CIV. P. 23(a)(3), Plaintiff's claims are typical of the claims of the Settlement Class Members;

d.      as required by FED. R. CIV. P. 23(a)(4), Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of Plaintiff and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among Plaintiff and the Settlement Class Members;

e.      as required by FED. R. CIV. P. 23(b)(3), common questions of law and fact predominate individual questions and a class action is the superior means to adjudicate the claims of Plaintiff and the Settlement Class Members; and

f.      as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class Members, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the

Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.      The Court appoints Plaintiff Anne Flaccus as class representative for all Settlement Class Members.

5.      Following careful review of Benjamin M. Mather's Declaration and under Federal Rule of Civil Procedure 23(g), we appoint Coren & Ress, P.C. as Class Counsel upon considering (i) the work Class Counsel did in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling complex litigation and claims of the type asserted here; (iii) Class Counsel's knowledge of applicable Pennsylvania law, and how that law applies to the claims; and (iv) the resources Class Counsel committed to representing Plaintiff and the class as fiduciaries.  Based on these factors, the Court finds Class Counsel has and will continue to represent fairly and adequately the interests of Settlement Class Members.

6.      The Court hereby finds that the Settlement Class Members have received proper and adequate notice of the Settlement, the fairness hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for a contribution award to Plaintiff, and the plan for allocation of Settlement Funds, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

3

7.      The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

8.      Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, and more particularly finds that:

a.      The Settlement was negotiated vigorously and at arm's-length under the auspices of an experienced mediator;

b.      Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

c.      If the Settlement had not been achieved, Plaintiff and the Settlement Class Members faced the expense, risk, and uncertainty of extended litigation;

d.      The $2,200,000.00 in Settlement Funds is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Funds is efficient and requires no filing of claims.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Federal Rule 23(e)(2)(C)(iv).  The amount of Settlement Funds is within the range of settlement values obtained in similar cases;

e.      At all times, the Plaintiff and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class Members; and

f.      The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

9.      The plan of allocation of Settlement Funds is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the net Settlement Funds in accordance with the Settlement Agreement. The Settlement Benefits Administrator shall have final authority to determine the share of the net amount of Settlement Funds to be allocated to each Class Member in accordance with the plan of allocation approved by the Court.

10.     All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have been met.

11.     The releases set forth in the Settlement Agreement, including but not limited to Article XI of the Settlement Agreement, are expressly incorporated herein in all respects.

12.     The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the parties other than as provided for in the Settlement Agreement.

13.     The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, the allocation of the Settlement Funds, and this Final Order and Judgment. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and the contribution awards to Plaintiff, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement and the Preliminary Approval Order.

14.     Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an

affirmative defense or counterclaim in response to any action that is asserted to violate the

Settlement Agreement.

15.     Upon entry of this Order, all Parties, the Settlement Class Members shall be

bound by the Settlement Agreement and this Final Order and Judgment. **SO**

**ORDERED** this ___ day of _____, 2023.

_____

**KEARNEY, J.**