# Exhibit A to Mather Declaration
# (Settlement Agreement)

## SETTLEMENT AGREEMENT AND RELEASE

### I.    PREAMBLE

This Settlement Agreement and Release is made and entered into as of the dates of Execution set forth below, by and among (1) Plaintiff Anne Flaccus, individually and on behalf of the Settlement Class, (2) Settlement Class Members, and (3) Advanced Disposal Services, Inc. f/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc.

### II.    DEFINITIONS

1.     "*Action*" means the pending action styled *Anne Flaccus, individually and on behalf of all others similarly situated v. Advanced Disposal Services, Inc. f/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc.*, United States District Court for the Eastern District of Pennsylvania, Case No. 2:17-cv-04808-MAK.

2.     "*Agreement*" means this Settlement Agreement and Release.

3.     "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement to be paid out of the "Settlement Funds."

4.     "*CAFA Notice*" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

5.     "*Class Counsel*" means Benjamin M. Mather and Andrew J. Belli of Coren & Ress, P.C.

6.     "*Class List*" means the list of approximately 12,224 ADS customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to ADS from October 1, 2012 to September 12, 2018 and who did not sign a written contract that included an arbitration clause and class action waiver.

7.     "*Class Period*" means the period from October 1, 2012 to September 12, 2018.

8.     "*Court*" means the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division.

9.     "*Defendants*" means collectively Advanced Disposal Services, Inc. b/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc. ("ADS").

10.     "*Execution*" means the signing of this Agreement by all signatories hereto.

11.     "*Final Approval Hearing*" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel and the amount of any Settlement Class Representative Incentive Payment.

12.     "*Final Approval Order*" means the final judgment and order of dismissal approving the Settlement and dismissing the Action with prejudice, which Class Counsel will draft and Defendants' Counsel will have the opportunity to review before submission to the Court. "Final Approval" occurs on the date that the Court enters the Final Approval Order.

13.     "*Notice*" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement, substantially in the form attached hereto as <u>Exhibit 1</u>.

14.     "*Notice and Administration Costs*" means any and all costs associated with administering the Settlement, including, but not limited to, mailing costs, printing costs, taxes and tax-related expenses incurred by or in connection with handling the Settlement Funds, all costs of providing notice to the Settlement Class (including, but not limited to, costs for obtaining contact information for the members of the Settlement Class), costs for creating the Notice, Website Notice, and any different or additional notice that might be ordered by the Court, the cost of maintaining a designated post office box and/or operating the Settlement Website, and any other costs associated with administering the Settlement.

15.     "*Notice Deadline*" means the date the Court sets for Notice to be provided to the Settlement Class in accordance with the Agreement. The Parties agree to propose the Notice Deadline be 60 days following the entry of the Preliminary Approval Order, unless extended by the Court.

16.     "*Objection Deadline*" means forty-five (45) days prior to the Final Approval Hearing, which is the period of time in which a Settlement Class Member must submit any objection to the Settlement.

17.     "*Opt-Out Request*" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

18.     "*Opt-Out Period*" means the period that begins the day after the earliest date on which the Notice is first sent, and ends forty-five (45) days prior to the Final Approval Hearing, or on such other date as the Court determines. The deadline for the Opt-Out Period will be specified in the Notice.

19.     "*Parties*" means Plaintiff and all Defendants.

20.     "*Plaintiff*" means Anne Flaccus.

21.     "*Preliminary Approval Order*" means the order certifying the Settlement Class and preliminarily approving the Settlement, which the parties agreed to propose in the form attached as <u>Exhibit 2</u>. "Preliminary Approval" occurs on the date the Court enters the Preliminary Approval Order.

22.     "**_Release_**" means the release contained in this Agreement.

23.     "**_Released Claims_**" means all claims to be released as set forth in the Release.

24.     "**_Released Parties_**" means and refers to the Defendants, as well as Waste Management, Inc., and their subsidiaries, parent companies, affiliates, agents, vendors, predecessors in interest and/or ownership, successors in interest and/or ownership, licensees, assignees, insurers, and each of the foregoing's respective past, present, and future officers, directors, employees, agents, attorneys, shareholders, predecessors, successors, insurers, and re-insurers.

25.     "**_Releasing Settlement Class Members_**" means Plaintiff and all Settlement Class Members, other than those who submit timely and proper Out-Out Requests, and each of their respective executors, representatives, heirs, spouse, partners, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on their behalf, and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

26.     "**_Settlement_**" means the compromise and settlement of the Action as contemplated by this Agreement.

27.     "**_Settlement Award_**" or "**_Settlement Benefit_**" means the cash payment that may be available to eligible Settlement Class Members who do not timely opt out or object to the settlement pursuant to the requirements set forth herein.

28.     "**_Settlement Benefits Administrator_**" means KCC Class Action Services, LLC ("KCC"), subject to approval by the Court. The Settlement Benefits Administrator shall be responsible for providing the class Notice as well as services related to administration of the Settlement.

29.     "**_Settlement Class_**" means the individuals defined and identified as follows:

> All Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018. Excluded from the class are: (1) all customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.

30.     "**_Settlement Class Members_**" means the Settlement Class Representative and all members of the Settlement Class.

31.     "**_Settlement Class Representative_**" means Anne Flaccus, who is the Plaintiff in the Action, and who is also the person who Class Counsel shall request to be appointed by the Court

as Class Representative for purposes of the Settlement Class. Plaintiff is also a member of the Settlement Class.

32.    "***Settlement Class Representative Incentive Payment***" means the additional amount Plaintiff may request (which will not exceed Fifteen Thousand and no/100 Dollars ($15,000.00)) that she be paid as Class Representative under this Agreement, subject to Court approval.

33.    "***Settlement Effective Date***" means the business day after the last of the following occurrences:

a.    Expiration of the date to appeal entry of the Final Approval Order with no appeal or other judicial review having been taken or sought; or

b.    If an appeal or other judicial review has been taken or sought, the latest of: (i) the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Approval Order is entered by the District Court after remand and the time to appeal or seek other judicial review of the entry of that Final Approval Order has expired with no further appeal or other judicial review having been taken or sought. If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

34.    "***Settlement Costs***" means all costs incurred by Plaintiff, Class Counsel, and the Settlement Benefits Administrator in connection with the Action, including but not limited to (i) the Attorneys' Fees and Litigation Expenses approved by the Court; (ii) any Settlement Class Representative Incentive Payment approved by the Court; (iii) Notice and Administration Costs; and (iv) the fees, expenses, and all other costs of the Settlement Benefits Administrator.

35.    "***Settlement Funds***" means TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000.00) cash to be provided by Defendants pursuant to this Agreement, for purposes of paying Settlement Costs and the Settlement Award to Settlement Class Members, as the foregoing are defined herein.

36.    "***Settlement Website***" means the website created and managed by the Settlement Benefits Administrator, which will provide Settlement Class Members with access to the Notice and other information regarding the Settlement.

37.    "***Website Notice***" means the website notice provided pursuant to this Agreement, substantially in the form attached hereto as Exhibit 3. The Website Notice will be posted on the "Settlement Website."

Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

### III.   RECITALS

1.     Plaintiff filed the Action on behalf of herself (defendants allege the matter was filed on behalf of her business) and on behalf of the putative class alleging that Defendants violated Pennsylvania law by improperly charging and collecting fuel surcharges, environmental fees, and administrative fees.

2.     On January 17, 2023, pursuant to the Court's scheduling order, the Parties participated in private mediation with the Honorable Morton Denlow of JAMS. The parties had begun negotiations well before the formal mediation via conversations with Judge Denlow and the completion of, among other things, information Judge Denlow required prior to the mediation, including a detailed class action checklist.

3.     Plaintiff and Class Counsel believe this Action is meritorious. Class Counsel thoroughly investigated the case and diligently pursued Plaintiff's and the Settlement Class Members' claims against Defendants, including, but not limited to: (i) conducting written discovery; (ii) obtaining and analyzing relevant documents and class data; (iii) researching the applicable law and the potential defenses; (iv) conducting depositions; (v) opposing defendants' preliminary objections while this matter was pending in state court; (vii) obtaining over one million documents consisting of over three million pages and receiving and reviewing fifteen depositions taken in other substantively similar class actions against the ADS defendants. Based on their full, independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses raised by Defendants, class certification risk, summary judgment risk, the risk associated with potential changes in the applicable law, trial risk and appellate risk.

4.     Defendants deny any liability or wrongdoing of any kind associated with the claims alleged, and assert their actions comply with all applicable provisions of federal and state law, that in any event they are not liable for any of the claims asserted. Defendants also continue to assert the Action fails to meet the prerequisites necessary for class action treatment under applicable law but, despite this belief, they will not oppose certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Defendants do not waive their objections to certification of the Settlement Class.

5.     The parties contemplate that entry of the Final Approval Order shall dismiss with prejudice Plaintiff's and the Settlement Class Members' claims against Defendants, with the exception of claims of Settlement Class Members who properly exclude themselves from the Settlement, if any, in accordance with the Opt-Out Process described in Section IX of this Agreement. Defendants shall retain any existing defenses to such excluded claims. The Parties agree to cooperate in good faith and take all steps reasonable and appropriate to obtain preliminary and final approval of this Settlement, and to effectuate its terms.

6.     Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

### IV.   CERTIFICATION OF THE SETTLEMENT CLASS

1.      The Settlement contemplates Plaintiff will move for an order granting certification of the Settlement Class. The Parties agree certification of the Settlement Class is conditional and for settlement purposes only. This Settlement further contemplates, and all counsel, Parties and Released Parties agree that none of the Released Parties are admitting that class certification is appropriate, or that any violation of any state, federal or local statute or common law occurred, or that any damages were suffered by Plaintiff or any putative class member. The Released Parties retain their rights to object to certification of this Action, or any other class action, should the Settlement ultimately not receive final approval.

2.      If the Court does not grant final approval of the Settlement, or if final approval is granted but ultimately reversed on appeal, or if the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party, and Released Party, shall retain all of their respective rights as they existed prior to Execution of this Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, may be admissible or used for any purpose in this Action, or any other action against any of the Released Parties. Certification of the Settlement Class for settlement purposes is in no way an admission by the Released Parties that class certification is proper.

### V.   TERMS OF SETTLEMENT

1.   **Settlement Funds.**

   a.   **Cash Payment to Settlement Class Members**.  Subject to the other terms and conditions of this Agreement, and subject to Court approval, Defendants agree to pay total Settlement Funds of TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000.00) to settle the Action with the Settlement Class pursuant to this Agreement. This will be the total and only amounts paid by Defendants to resolve this Action.  These Settlement Funds will be used to pay the Settlement Benefit, notice and administrative costs, attorneys' fees, and all other costs, expenses, and payments, as further described in this Agreement. Settlement Class Members will receive a settlement check at the billing address on file in TRUX in an amount based on the pro rata share of fees each Settlement Class Member paid during the class period.  In the event checks are not cashed or they are returned, the Settlement Benefits Administrator will use reasonable efforts (such as skip tracing and computerized search), to obtain an address for the Settlement Class Members whose checks are not cashed or returned.   The Settlement Benefits Administrator will mail these Settlement Class Members their Settlement Benefit a second time.  In the event any checks are not cashed or returned following the second mailing, the amount of the Settlement Benefit represented by the checks mailed a second time will be pooled and those Settlement Class Members who cashed checks in the first mailing receive will receive a second check representing an additional pro rata share of the fees it paid during the class

period.   Should any of these checks be returned or not cashed, any Settlement Benefit amount remaining will be paid to a charity jointly agreed upon by plaintiff's counsel and defense counsel, and approved by the Court.

In no event, shall any Settlement Class Member be mailed a second or subsequent check for less than Five ($5.00) Dollars.  Each check will have a ninety (60) day period from its issue date to be cashed before that check goes stale and the next round of checks will be calculated and mailed or a cy pres fund will be established.

According to Defendants' TRUX system, approximately 112 Settlement Class Members were previously credited back the full amount, or more than the full amount, of the fees that such Settlement Class Members paid during the class period.  For these approximately 112 Settlement Class Members, the amount of the settlement payment to be made to each such Settlement Class Member will be Twenty-Five ($25.00) Dollars.

b.   **Debt elimination**.  Defendants will ensure that any purported debts owed to them by the Settlement Class Members for services rendered by Defendants during the Class Period in Pennsylvania as reflected by Defendants' records maintained in TRUX is fully and totally eliminated/written off.   According to the Defendants' records, the debt incurred by class members and not paid to the defendants is approximately $565,345.60.

This benefit does not affect and is in no way intended to eliminate or reduce any debt owed by any Settlement Class Member, their predecessor, affiliate, successor, or division, to any released party that was incurred outside the Class Period in Pennsylvania, to any party that is not a defendant in this Action, whether for services in Pennsylvania or not, or for services rendered in any state other than Pennsylvania.

c.   In no event will Defendants' payment obligations exceed the Settlement Funds. The Settlement contemplates the Settlement Funds shall be used to pay Settlement Costs and the Settlement Award to Settlement Class Members, except as provided below.

2.   *Notice and Administration Costs.* Notice and Administration Costs shall be paid from the Settlement Funds, and from no other source. The Parties shall be jointly responsible for supervising the Settlement Benefits Administrator.

3.   *Attorneys' Fees and Litigation Expenses.* Attorneys' Fees and Litigation Expenses approved by the Court shall be paid from the Settlement Funds, and from no other source. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses. The Settlement Benefits Administrator shall pay to Class Counsel the amount of the Attorneys' Fees and Litigation Expenses awarded by the Court, as directed by Class Counsel. In the event the Court does not approve the award of Attorneys' Fees and Litigation Expenses

requested by Class Counsel, or the Court awards Attorneys' Fees and Litigation Expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement. Plaintiff and Class Counsel retain their right to appeal any decision by the Court regarding the award of Attorneys' Fees and Litigation Expenses.

4.      *Settlement Class Representative Incentive Payment.* Subject to court approval, any Settlement Class Representative Incentive Payment shall be paid from the Settlement Funds, and from no other source. Plaintiff may apply to the Court for a Settlement Class Representative Incentive Payment Fifteen Thousand and no/100 Dollars ($15,000.00) for the Settlement Class Representative (in addition to any *pro rata* distribution he may receive under this Agreement). The Settlement Benefits Administrator shall pay Plaintiff, c/o Class Counsel, the amount of incentive payment awarded by the Court. The denial by the Court of any such application shall not affect the validity and enforceability of the Settlement. Plaintiff retains his right to appeal any decision by the Court regarding the application.

5.      *Settlement Award to Settlement Class Members.* The Settlement Benefits Administrator will administer the Settlement in cooperation with Class Counsel and Defendants, and in accordance with this Agreement. All Settlement Class Members who do not object will receive a settlement check. Each Settlement Class Member will receive a settlement check regardless of the amount of fees paid.

## VI.    NOTICE AND PROVISION OF CLASS SETTLEMENT BENEFITS

1.      Within 30 days of the Preliminary Approval of the Settlement by the Court, Defendants shall produce the Class List to Class Counsel and the Settlement Benefits Administrator.

2.      The Settlement Benefits Administrator shall implement the notice program, as set forth in this Section and directed by the Court. The Settlement Benefits Administrator shall, by the Notice Deadline, provide:

a.      *Notice.*

i.      **Initial Postcard Notice Regarding Settlement and Directing Class Members to Website**.  Within 60 days following the Preliminary Approval of the Settlement by the Court, the Settlement Benefits Administrator shall provide direct notice via First Class Mail of the settlement to Settlement Class Members. Addresses for this first notice will be the last billing address in TRUX and will be provided by the Defendants.  This notice shall be by way of a postcard and shall contain information regarding requirements to opt out or object to the settlement and shall direct recipients to the Settlement Website. The Settlement Benefits Administrator shall re-mail once any Notice returned as undeliverable and for which an alternative address can be located, and undertake reasonable means to locate alternative addresses for returned notices.

ii. **First Mailing of Settlement Checks**.  Within thirty (30) days after Defendants' payment of the Settlement Funds to the Settlement Benefits Administrator after the Settlement Effective Date, the Settlement Benefits Administrator will mail each Class Member a check for their pro rata share of the fees it paid during the Class Period.  The check will have a Release on the back under the space where the recipient must endorse the check.

iii. **Second Mailing of Original Settlement Checks Amounts**. Should any checks contained within the first mailing be uncashed or returned, the Settlement Benefits Administrator shall use reasonable efforts to locate a new address for the business or its owner and re-mail a check representing that customer's pro rata shares of the fees it paid during the Class Period to the address identified by the Settlement Benefits Administrator.

iv. **Third Mailing of Settlement Checks**.   Should any checks contained within the second mailing of settlement checks be returned or uncashed, the Settlement Benefits Administrator will send a check to those Class Members who cashed their check as a part of the first mailing of settlement checks.  The amount of each Settlement Class Member's check contained within the third mailing will again represent a pro rata share of the fees it paid during the Class Period.  In no event shall the total paid to any Class Member exceed the aggregate amount of fees it paid during the Class Period.

v. **Unclaimed Settlement Benefit**.  If any Settlement Benefit remains following the third mailing of checks and after deduction for all costs, expenses, attorneys' fees, etc., as set forth herein, the Settlement Benefits Administrator should cause the remaining amount to be sent to a charity jointly agreed upon by Settlement Class and defendants' counsel, and approved by the Court.

vi. Each check sent to a Settlement Class Member will be valid for sixty (60) days from the date of issuance.  Each and every subsequent mailing will occur within forty-five (45) days of the date the previously mailed checks became void.

b. *Website Notice*. The Settlement Benefits Administrator will establish and maintain a Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Motion and Order, the operative Complaint, and the Motion for an award of Attorneys' Fees and Expenses.  These documents shall be available on the Settlement Website promptly following entry of the Preliminary Approval Order and remain until after the stale date of the Settlement Awards.  The Settlement Website shall also allow Settlement Class Members to update their contact information.   The Settlement

Benefits       Administrator       shall       secure       the       URL
AdvancedDisposalPennsylvaniaFeeSettlement.com (or, if not available,
something substantially similar in the discretion of the Settlement Benefits
Administrator).

## VII.   CAFA NOTICE

Pursuant to 28 U.S.C. §1715(b), Defendants shall provide CAFA Notice to the appropriate
governmental authorities no later than the end of the ten (10) day period provided by CAFA.
Unless otherwise ordered, this Settlement shall be deemed "filed" pursuant to 28 U.S.C. §1715(b)
upon entry of the Preliminary Approval Order.

## VIII.   OPT-OUT PROCESS

1.      A Settlement Class Member who wishes to exclude himself or herself from this
Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out
Request to the Settlement Benefits Administrator at the address designated in the Notice no later
than the Objection Deadline. Opt-Out Requests must: (i) be timely submitted by the Objection
Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded
from the Settlement Class; (iii) include the name and address of the person in the Settlement Class
requesting exclusion; and (iv) include a statement or words to the effect of the following: "I request
to be excluded from the settlement in the *Flaccus* action, and understand that by doing so I will
not be entitled to receive any of the benefits from the settlement." No person in the Settlement
Class, or any person acting on behalf of or in concert or participation with that person in the
Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

2.      The Settlement Benefits Administrator shall maintain a list of persons who have
submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

## IX.      OBJECTION PROCESS

1.      A Settlement Class Member who wishes to object to any matter concerning the
Settlement must notify the Court and the parties' counsel of his or her objection, in writing, on or
before the Objection Deadline, or other deadline set by the Court.

2.      To state a valid objection to the Settlement, an objecting Settlement Class Member
must personally sign the objection and provide the following information with it: (i) full name,
current address, and current telephone number; (ii) documentation sufficient to establish
membership in the Settlement Class; (iii) a statement of reasons for the objection, including the
factual and legal grounds for the objector's position; and (iv) copies of any other documents the
objecting Settlement Class Member wishes to submit in support of his/her/its position.

3.      Responses to any objections by an objecting Settlement Class Member, if any, shall
be filed with the Court no later than twenty (20) days prior to the Final Approval Hearing.

4.      Subject to approval of the Court, an objecting Settlement Class Member may, but
does not need to, appear in person or by counsel at the Final Approval Hearing. To do so, the
objecting Settlement Class Member must file with the Court, and serve on all counsel designated

in the Notice, a notice of intention to appear by the Objection Deadline, or other deadline set by the Court. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely provide a notice of intention to appear in conformance with the requirements set out in the Notice and Website Notice, and who has not timely filed an objection in accordance with the requirements set out in the Notice and Website Notice, will be deemed to have waived any objection to the Settlement and can be barred from presenting any views at the Final Approval Hearing.

## X.    DISTRIBUTION PROCESS

1.      The timing of Defendants' payment of the Settlement Funds is:

    a.      Within fourteen (14) days after the Court enters the Preliminary Approval Order, Defendants shall transfer the Notice and Administration Costs to the Settlement Benefits Administrator.  In the event that the Settlement Effective Date does not occur, any amounts actually used by the Settlement Benefits Administrator for notice and administration shall not be refundable to Defendants.  If, however, Defendants have paid monies for Notice and Administration Costs that have not been used by the Settlement Benefits Administrator, those amounts not used by the Settlement Benefits Administrator shall be refunded to Defendants.

    b.      Within fourteen (14) days after the Settlement Effective Date, Defendants shall pay the remainder of the Settlement Funds to the Settlement Benefits Administrator.  Class Counsel shall instruct the Settlement Benefits Administrator as to whom the Attorneys' Fees and Litigation Expenses and any Settlement Class Representative Incentive Payment should be distributed.  Defendants shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Funds in connection with the Settlement.

## XI.    RELEASE

1.      Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge Defendants and the other Released Parties, of and from any and all claims, rights, causes of action, liabilities, or other obligations (other than obligations imposed by this Agreement) of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in all complaints filed in this action, including, but not limited to: Federal statutes; Federal common law; Pennsylvania statutes; Pennsylvania common law; equitable claims; including claims for injunctive or declaratory relief, breach of contract; unjust enrichment; Pennsylvania Trade Practices and Consumer Law 73 P.S. § 201-1, *et seq*.; and, 73 P.S. § 201-2 *et seq*.. Also released are any and all claims for any type of damage or compensation whatsoever, including claims for compensatory and punitive damages that were asserted in the

Action, or that could have been asserted in the Action based on the facts alleged in all complaints filed in this action.

2.      Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final release.  Releasing Settlement Class Members acknowledge the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all Released Claims.  In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or as Settlement Class Members may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action.

3.      Each check mailed to class members will also include a Release adjacent to the endorsement line on the back of the check.

4.      Subject to the Court's final approval of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, Defendants, and all other Released Parties fully and irrevocably release, acquit, and forever discharge Plaintiff of and from any and all claims, rights, causes of action, liabilities, or other obligations (other than obligations imposed by this Agreement) of any kind, whether known or unknown.

5.      The Parties acknowledge that this Settlement, including the release provided in this Section, reflects a compromise of disputed claims.

6.      The Final Approval Order shall dismiss the Action with prejudice and shall incorporate the terms of this release.

## XII.   DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY APPROVAL

1.      Class Counsel shall apply to the Court for the entry of an order requesting the following relief:

  a.      Preliminarily approving the Settlement;

  b.      Conditionally certifying the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

  c.      Approving the form and content the proposed Notice, and plan for its distribution;

  d.      Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate;

  e.      Formally appointing Class Counsel as class counsel;

  f.      Approving Plaintiff as Settlement Class Representative;

g.      Approving KCC as Settlement Benefits Administrator; and

h.      Setting the Opt-Out/Objection Deadline, Notice Deadline, and Opt-Out Period.

## XIII.   DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

Following Preliminary Approval of the Settlement, and no later than the filing of the motion for final approval, Class Counsel will submit a proposed Final Approval Order, which Class Counsel will draft and Defendants' Counsel will have the opportunity to review before submission to the Court, except as otherwise required by the Court.

## XIV.   MUTUAL FULL COOPERATION

The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may be needed to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement. As soon as practicable after Execution of this Settlement, Class Counsel shall, with the reasonable assistance and cooperation of Defendants and their counsel, take all reasonable and necessary steps to secure the Court's Final Approval Order.

## XV.   CONDITIONS FOR TERMINATING THE AGREEMENT

1.      In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement. However, the parties may agree to seek approval of an amended version of the Settlement.

2.      In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Litigation Expenses.

3.      In the event that more than 100 Settlement Class Members validly and timely submit Opt-Out Requests, Defendants, in their sole and absolute discretion, may terminate this Agreement.

## XVI.   SIGNATORIES' AUTHORITY

The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## XVII.   NO PRIOR ASSIGNMENTS

The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XVIII. NOTICES

1.     Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given: (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested; or (iv) on the day received for delivery by e-mail.  All notices given under this Agreement shall be addressed as follows:

     a.     To the Class:

         Benjamin M. Mather
         Andrew J. Belli
         COREN & RESS, P.C.
         Two Commerce Square
         Suite 3900
         2001 Market Street
         Philadelphia, PA 19103
         bmather@kcr-law.com
         abelli@kcr-law.com

     b.     To Defendants:

         Rik S. Tozzi
         Burr Forman LLP
         420 North Twentieth Street
         Suite 3400
         Birmingham, AL 35203
         rtozzi@burr.com

## XIX.   MISCELLANEOUS PROVISIONS

1.     *Construction*. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this

agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting it.

2.      ***Captions and Interpretations***. Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement. Each term of this Agreement is contractual and not merely a recital.

3.      ***Modification***. This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties. Any such modification is subject to Court approval.

4.      ***Integration Clause***. This Agreement, the exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement. No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

5.      ***Binding on Assigns***. This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.      ***Counterparts***. This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

7.      ***Disagreements***. The Parties agree the Court shall resolve any disagreements over the meaning or implementation of this Agreement or the Settlement.

8.      ***Applicable Law***. This Agreement shall be governed by Pennsylvania law without regard to its choice of law or conflicts of law principles or provisions.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

ACCEPTED AND AGREED:

_Anne Flaccus_

**Anne Flaccus**

_February 8, 2023_

Date

APPROVED AS TO FORM:

Counsel for Plaintiff and the Class
COREN & RESS, P.C.

_2/8/23_

Date

ACCEPTED AND AGREED:

Advanced Disposal Services, Inc. f/k/a ADS Waste
Holdings, Inc., Advanced Disposal Services Eastern
PA, Inc. f/k/a Advanced Disposal Services
Shippensburg, LLC and Advanced Disposal Services
South, LLC f/k/a Advanced Disposal Services, Inc.

By: _____     Date _____

Title: _Vice President and Secretary_____


APPROVED AS TO FORM:

_____     _Fes. 8, 2023_____
Counsel for Defendants                Date
Burr & Forman LLP


(INTENTIONALLY LEFT BLANK)

# Exhibit 1 to Settlement Agreement

LEGAL NOTICE

**If you are or were a commercial customer of Advanced Disposal between October 1, 2012 and September 12, 2018 and paid them a fuel surcharge, environmental fee, or administrative fee, you may qualify for a payment from a class action settlement.**

www.[website].com
1-____-____-_____

**XXX**

*Flaccus v. Advanced Disposal Services, Inc.*
*Settlement Administrator*
P.O. Box _____
City, ST _____-_____

---

A settlement has been reached with Advanced Disposal Services, Inc. f/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc. ("Advanced Disposal") in a class action lawsuit about whether it improperly collected fuel surcharges, environmental fees, and administrative fees from commercial customers in Pennsylvania.

**Who's included?** You are included in the Settlement if you were an Advanced Disposal commercial customer in Pennsylvania who paid a fuel surcharge, environmental fee, or administrative fee to Advanced Disposal from October 1, 2012 to September 12, 2018 ("Settlement Class Members").

**What does the Settlement provide?** Advanced Disposal will pay $2,200,000 to resolve the Settlement. After deducting attorneys' fees and expenses, the costs of notice and administration, and an incentive award to the Class Representative, the balance will be distributed to Settlement Class Members on a *pro rata* basis, unless a settlement class member was previously credited the full amount of fees it paid to ADS during the class period. Defendants will also ensure that debts owed to them by Settlement Class Members for services rendered during the Class Period in Pennsylvania are eliminated.

**How do you get a payment?** You do not have to do anything to receive a payment. Payments will be mailed to eligible Settlement Class Members after the Settlement is approved and becomes final.

**Your other options.** If you do nothing, you will receive a pro rata payment and release all claims covered by the settlement. If you don't want to be legally bound by the Settlement, you must exclude yourself from it by **Month XX, 2023**. Unless you exclude yourself, you won't be able to sue or continue to sue Advanced Disposal or related parties for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it and ask for permission for you or your lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections are due by **Month XX, 2023**.

**The Court's Hearing.** The Court will hold a Final Approval Hearing in this case (*Flaccus v. Advanced Disposal Services, Inc.*, No. 2:17-cv-04808-MAK) on Month XX, 2023 to consider whether to approve: the Settlement; a request for attorneys' fees and expenses; and an incentive award for the Class Representative.

**Want more information?** Visit www.[website].com, call 1-___-___-____, or write to *Flaccus v. Advanced Disposal Services, Inc.*, Attn: Settlement Administrator, P.O. Box _____, City, ST _____-____.

50250017 v1

# Exhibit 2 to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ANNE FLACCUS, | |
| Plaintiff, | |
| v. | Civil Action No. 2:17-cv-04808-MAK<br>Re: ECF No. 81 |
| ADVANCED DISPOSAL SERVICES EASTERN PA, INC. f/k/a ADVANCED DISPOSAL SERVICES SHIPPENSBURG, LLC; and ADVANCED DISPOSAL SERVICES SOUTH, LLC f/k/a ADVANCED DISPOSAL SERVICES, INC. | |
| Defendants. | |

**ORDER**

**AND NOW**, this ___ day of _____ 2023, upon considering Plaintiff's Motion to

conditionally certify a class and for preliminary approval of the Settlement[1] and the

documentation filed therewith, and following the noticed hearing on Plaintiff's Motion, it is

**ORDERED** that Plaintiff's Motion is **GRANTED**:

*Preliminary Approval of Settlement*

1.    We preliminarily approve the Settlement as being fair, reasonable and adequate,

and in the best interest of Plaintiff and putative Settlement Class Members.[2]  A settlement of the

---

[1]    We adopt the terms and definitions in the Settlement Agreement to the extent not inconsistent with this Order.

[2]    Preliminary approval is not a rubber stamp of a proposed agreement.  *In re Nat'l Football Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 715 (E.D.Pa. 2014).  As we addressed during our preliminary approval hearing, we must screen for "obvious" problems and deficiencies and ensure the settlement negotiations occurred at arm's length; sufficient discovery; and, the proponents are skilled and experienced.  *Kopchak v. United Resource Systems,* No. 13-5884, 2016 WL 4138633 (E.D.Pa. Aug. 4, 2016) (citing *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 324 (E.D.Pa. 2014)).  The Settlement satisfies each of these tests.

Settlement Class Members' claims under the Third Amended Class Action Complaint (ECF Doc. No. 11) and the Settlement is the most expeditious, efficient, and fair means of resolving such claims.  This Order shall govern to the extent terms in the Settlement differ from obligations imposed by this Order.  The administration of the Settlement and the determination of all disputed questions of law and fact with respect to the validity of a claim or right of any person or entity to participate in the Settlement are under this Court's authority.

2.      The Settlement and the negotiations or proceedings connected with it, shall not be construed as an admission or concession by the Defendants as to the validity of claims or as to the truth of the allegations of any liability, fault, or wrongdoing of any kind.

3.      **Class Findings**:  The Court preliminarily finds, for settlement purposes only, that the Class Representative conditionally satisfies prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b):

a.      The Class for settlement purposes ("Settlement Class") means: **all Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018.  Excluded from the class are: (1)  all customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.**

b.      The Class consists of approximately 12,224 members and is so numerous joinder is impracticable;

2

c.      There are one or more questions of law or fact common to Settlement
Class Members: whether Defendants violated Pennsylvania law by improperly charging and
collecting fuel surcharges, environmental fees, and administrative fees, and, if so, the appropriate
measure of damages;

d.      Settlement Class Representative's claims are typical of the claims of
Settlement Class Members arising from Defendants' uniform conduct resulting in alleged
damages;

e.      Settlement Class Representative will fairly and adequately protect the
interests of Settlement Class Members as (i) Settlement Class Representative's counsel are
experienced, qualified and generally able to conduct this litigation; and (ii) Settlement Class
Representative's interests are not antagonistic to the interests of the Settlement Class Members;

f.      Prosecution of separate actions by individual Settlement Class Members
would create a risk of: (i) inconsistent or varying adjudications as to individual members of the
Settlement Class that would establish incompatible standards of conduct for the parties opposing
the claims asserted in the case; and (ii) adjudications as to individual members of Settlement
Class Members which would, as a practical matter, be dispositive of the interests of the other
members not parties to the adjudications, or substantially impair or impede those person's ability
to protect their interests;

g.      Common issues of law and fact predominate over any potential individual
issues, as the predominant issue is whether Defendants violated Pennsylvania law by improperly
charging and collecting fuel surcharges, environmental fees, and administrative fees, and;

h.      A class action is a superior mechanism to fairly and efficiently adjudicate
this controversy.

3

4.      **Settlement Class Representative**:  Settlement Class Representative Anne Flaccus is an adequate and typical class representative, and we appoint her as class representative for all Settlement Class Members.

5.      **Class Counsel**:  Following careful review of Benjamin M. Mather's Declaration and under Federal Rule of Civil Procedure 23(g), we appoint Coren & Ress, P.C. as Class Counsel upon considering (i) the work Class Counsel did in identifying or investigating potential claims in the case; (ii) Class Counsel's experience in handling complex litigation and claims of the type asserted here; (iii) Class Counsel's knowledge of applicable Pennsylvania law, and how that law applies to the claims; and (iv) the resources Class Counsel committed to representing Plaintiff and the class as fiduciaries.  Based on these factors, the Court finds Class Counsel has and will continue to represent fairly and adequately the interests of Settlement Class Members.  Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice.  A Settlement Class Member who or which does not enter an appearance will be represented by Class Counsel.

6.      **Settlement Benefits Administrator**:  Following review of Christie Reed's Declaration and having confirmed no conflicts with the parties or counsel, we approve KCC Class Action Services, LLC (www.kccllc.com) as Settlement Benefits Administrator to administer the Settlement.  All funds held by the Settlement Benefits Administrator shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to our jurisdiction, until we enter an Order distributing funds.

7.      **Approved Notices to Settlement Class**:  We approve the form of Notice of Proposed Settlement of Class Action ("Notice"), attached to the Settlement Agreement as Exhibit "1":

a.      Within thirty (30) days following the entry of this Order, Defendants shall provide the Settlement Benefits Administrator, at no cost to Settlement Class Representative or the Settlement Class, records in electronic searchable form, such as Excel, containing the names and addresses of the Settlement Class Members;

b.      Within sixty (60) days following the entry of this Order (the "Notice Date"), the Settlement Benefits Administrator shall complete mailing the Notice, by First-Class Mail to all Settlement Class Members and the Notice shall be posted on its website, along with the Third Amended Complaint (ECF Doc. No. 11), Defendants' Answers (ECF Doc. Nos. 16 and 42), this Order, and all future filings at the Settlement Website; and,

d.      Within sixty-five (65) days following the entry of this Order, the Parties shall file proof of compliance with ¶ 7 of this Order by affidavit or declaration.

8.      **Binding Effect**:  All Members of the Settlement Class who or which do not request exclusion from the Settlement Class shall be bound by all determinations and judgments concerning the Settlement, including, but not limited to, the release, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members cash any Settlement Check mailed to them.

## Objections to the Settlement

9.      Any Member of the Settlement Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered, why the

Distribution Process should or should not be approved, or why attorneys' fees and expenses should or should not be awarded.

10.     No Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless he, she or it has filed a written objection no later than forty-five (45) days prior to the Final Approval Hearing with the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.  Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, to the Distribution Process, or to the award of attorneys' fees and expenses to Class Counsel or expenses of Settlement Class Representatives, unless otherwise ordered.

11.     Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the person objecting and must be signed by the objector; and (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention.

12.     Class Members seeking to file memoranda in support of their objections shall do so on or before forty-five (45) days prior to the Final Approval Hearing, with responses filed no later than twenty (20) days prior to the Final Approval Hearing.

### *Opting Out of the Settlement Class*

13.     Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  To opt out, a Person must submit to

the Settlement Benefits Administrator a signed Opt-Out Request postmarked no later than forty five (45) days prior to the Final Approval Hearing.

14.     The Opt-Out Request must state: (i) the name, address, and telephone number of the Person requesting exclusion; and (ii) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Opt-Out Requests under this paragraph and the attached Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Funds, and shall not be bound by the Settlement or any final judgment.  Unless otherwise ordered by the Court, any Person falling within the definition of the Settlement Class who fails to timely request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class in this or any other proceeding.

15.     Class Counsel or the Settlement Benefits Administrator shall cause to be provided to Defendants' counsel copies of all Opt-Out Requests, and any written revocation of Opt-Out Requests, promptly upon receipt and as expeditiously as possible.

16.     **Motion in Support of Final Settlement Approval**: Class Counsel shall file a motion for final approval of the Settlement no later than sixty (60) days prior to the Final Approval Hearing and a motion for attorneys' fees and costs no later than fifty (50) days prior to the final approval hearing.  Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the Settlement Website.  Until such time as we can make a final determination as to the propriety of the Settlement at the Final Approval Hearing, the Parties shall comply with the terms of the Settlement and this Order.

### *Final Approval Hearing*

17.     We will hold a Final Approval Hearing on _____, United States Courthouse, 601 Market Street, Courtroom 6B, Philadelphia, Pennsylvania 19106 to determine whether: the Settlement Class should be finally certified as a class action under Federal Rules of Civil Procedure 23(a) and (b); the terms and conditions provided in the Settlement are fair, reasonable, and adequate and should be finally approved based, in part, on the number of responses in the claims settlement process; the Released Claims should be dismissed with prejudice; the Settlement Class Members' representation by Settlement Class Representative and Class Counsel satisfy Federal Rule of Civil Procedure 23; Class Counsel's application for an award of attorneys' fees and expenses should be approved; and, any other issues necessary for approval.

18.     Attendance at the Final Approval Hearing is not necessary.  Settlement Class Members do not need to appear at the Final Approval Hearing or take any action if they do not oppose any aspect of the Settlement.

19.     Should we grant final approval and grant Class Counsel's Motion for attorneys' fees, costs and expenses ("Fee Award"), the Settlement Benefits Administrator  shall disburse the Fee Award <u>after</u> issuing checks to the Settlement Class Members, subject to Class Counsel seeking an interim award for reimbursement of approved expenses.

20.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Distribution Process, shall be paid by the Defendants out of the Settlement Fund.  In the event we do not grant Settlement, or it otherwise fails to become effective, neither Settlement Class Representative nor her counsel shall be obligated to repay amounts incurred and properly disbursed.

8

21.     At or after the Final Approval Hearing, we will issue an Order on Class Counsel's motion for an award of attorneys' fees and reimbursement of reasonable expenses.

22.     At or after the Final Approval Hearing, we shall determine whether the Distribution Process proposed by Class Counsel is approved.

23.     We reserve the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  We may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class. We further reserve the right to enter the Judgment approving the Settlement regardless of whether we approve the Distribution Process or award attorneys' fees and/or expenses.

24.     If the Settlement is not approved at the Final Approval Hearing or consummated for any reason, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement. This Order, the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante*.

25. **Stay**: Unless ordered otherwise, all proceedings in this case including obligations under our November 22, 2022 Order (ECF Doc. No. 62) are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Settlement or other agreement of the Parties approved by us. Pending final determination of whether the proposed Settlement should be approved, neither Settlement Class Representatives nor a Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

_____
**KEARNEY, J.**

# Exhibit 3 to Settlement Agreement

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

# If you are or were a commercial customer of Advanced Disposal and paid them a fuel surcharge, environmental fee, or administrative fee, you may qualify for a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A $2,200,000 settlement has been reached with Advanced Disposal Services, Inc. f/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc. ("Advanced Disposal") in a class action lawsuit about whether it improperly charged and collected fuel surcharges, environmental fees, and administrative fees from commercial customers in Pennsylvania.

- You may qualify for a payment if were an Advanced Disposal commercial customer in Pennsylvania who paid a fuel surcharge, environmental fee, or administrative fee to Advanced Disposal from October 1, 2012 to September 12, 2018.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Automatically receive a payment. Give up any rights you might have to sue Advanced Disposal about the legal claims made in this case and resolved by the Settlement. |
| **EXCLUDE YOURSELF BY MONTH XX, 2023** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Advanced Disposal related to the legal claims this Settlement resolves. If you exclude yourself, you will no longer be eligible to receive a payment from this Settlement. |
| **OBJECT BY MONTH XX, 2023** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | You may ask to appear and speak to the Court about the fairness of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice. The deadlines may be moved, canceled, or modified. Check the Settlement Website at www.[website].com regularly for updates.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be sent to qualifying commercial customers only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

# BASIC INFORMATION

| **1.    Why is there a notice?** |
|---|

The Court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about your options, before the Court decides whether to approve the Settlement.

Judge Mark A. Kearney of the United States District Court for the Eastern District of Pennsylvania is overseeing this case. The case is titled *Anne Flaccus, individually and on behalf of all others similarly situated v. Advanced Disposal Services, Inc. f/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc*., Case No. 2:17-cv-04808-MAK (the "Action"). This Notice explains the lawsuit, the Settlement, and your legal rights. The person who filed this lawsuit is called the Plaintiff and the companies she sued, Advanced Disposal Services, Inc. f/k/a ADS Waste Holdings, Inc., Advanced Disposal Services Eastern PA, Inc. f/k/a Advanced Disposal Services Shippensburg, LLC and Advanced Disposal Services South, LLC f/k/a Advanced Disposal Services, Inc., are called the Defendants.

| **2.    What is this lawsuit about?** |
|---|

The lawsuit claims that Advanced Disposal improperly charged and collected fuel surcharges, environmental fees, and administrative fees from commercial customers in Pennsylvania. It also alleges claims for breach of contract, unjust enrichment, and violations of unfair trade practices and consumer protection laws. Advanced Disposal denies all of the claims and allegations made in the lawsuit.

More information about the lawsuit can be found in the Third Amended Class Action Complaint and Defendant's Answer to the Third Amended Class Action Complaint available at www.[website].com.

| **3.    Why is there a class action?** |
|---|

In a class action, one or more people called "Named Plaintiffs" or "Class Representatives" (in this case, Anne Flaccus) sue on behalf of themselves and other people who have similar claims. Together, all the people with similar claims (except those who exclude themselves) are members of a "Settlement Class."

| **4.    Why is there a settlement?** |
|---|

The Court did not decide in favor of the Plaintiff or Defendants. Instead, both sides agreed to a settlement. The Settlement allows the Plaintiff and Defendants to avoid the risks and costs of litigation and the uncertainty of trial and appeals. The Class Representative and her attorneys believe this Settlement is in the best interests of all Settlement Class Members.

# WHO IS INCLUDED IN THE SETTLEMENT?

| **5.    How do I know if I am included in the Settlement?** |
|---|

The Settlement includes all Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018 ("Settlement Class Members").

| **6.    Are there exceptions to being included?** |
|---|

Yes, excluded from the Settlement are: (1) are all customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

| 7. | What does the Settlement provide? |
|---|---|

Advanced Disposal will pay $2,200,000 to resolve the Settlement. After deducting attorneys' fees and expenses, the costs of notice and administration, and an incentive award to the Class Representative, the balance will be distributed to Settlement Class Members on a *pro rata* basis, unless a settlement class member was previously credited the full amount of fees it paid to ADS during the class period. In this case, the settlement class member will receive $25.

| 8. | What can I get from the Settlement? |
|---|---|

Settlement Class Members who do not exclude themselves will automatically receive a payment representing a pro rata share of the amount they paid from October 1, 2012 to September 12, 2018 (the "Class Period").

| 9. | What am I giving up to receive a payment or stay in the Settlement Class? |
|---|---|

Unless you exclude yourself, you are choosing to stay in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You won't be able to sue, continue to sue, or be part of any other lawsuit against the Defendants and the Released Parties. The rights you are giving up are called Released Claims. See Question 10 for more detail on the Released Parties and Released Claims.

| 10. | What are the Released Claims? |
|---|---|

Generally, if and when the Settlement becomes final, Settlement Class Members will irrevocably release, acquit, and forever discharge Defendants and the other Released Parties (defined as the Defendants, as well as Waste Management, Inc., and their subsidiaries, parent companies, affiliates, agents, vendors, predecessors in interest and/or ownership, successors in interest and/or ownership, licensees, assignees, insurers, and each of the foregoing's respective past, present, and future officers, directors, employees, agents, attorneys, shareholders, predecessors, successors, and insurers), of and from any and all claims, rights, causes of action, liabilities, or other obligations (other than obligations imposed by this Agreement) of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in all complaints filed in this action, including, but not limited to, Federal statutes, Federal common law, Pennsylvania statutes, Pennsylvania common law, and breach of contract, unjust enrichment, Pennsylvania Trade Practices and Consumer Law 73 P.S. § 201-1, et seq.; 73 P.S. § 201-2 et seq.; as well as any claims for any type of damage or compensation whatsoever, including claims for compensatory and punitive damages.

Complete details regarding the Released Claims can be found in the Settlement Agreement and General Release, available at www.[website].com.

## HOW TO GET A PAYMENT

| 11. | How do I get a payment from the Settlement? |
|---|---|

You do not have to do anything to receive a payment. Payments will be mailed to eligible Settlement Class Members after the Settlement is approved and becomes final.

| 12. | When will I receive my payment? |
|---|---|

The Court will hold a Fairness Hearing on [Month __, 2023] to decide whether to grant final approval to the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Payments will be distributed to Settlement Class Members who submit valid Claim Forms if and when the Court grants final approval to the Settlement and after any appeals are resolved. Please be patient.

## THE LAWYERS REPRESENTING YOU

| 13. | Do I have a lawyer in this case? |
|---|---|

Yes, Benjamin M. Mather and Andrew J. Belli of Kaufman, Coren & Ress, P.C. have been appointed as "Class Counsel" to represent you and other Settlement Class Members. You will not be personally charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for attorneys' fees and expenses of $[insert], as well as a $15,000 Incentive Payment for the Class Representative. If approved, these amounts, as well as the costs of notice and administration, will be paid from the $2,200,000 Advanced Disposal has agreed to pay to resolve the Settlement before paying qualifying Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue the Defendants or the Released Parties about the legal claims resolved by this Settlement, and you do not want to receive a Settlement payment, you must take steps to get out of the Settlement. This is called excluding yourself or opting out of the Settlement.

| 15. | How do I exclude myself from the Settlement? |
|---|---|

To exclude yourself from the Settlement, you must mail a letter to the Settlement Administrator that includes the following information:

- Your name, your company's name and address, and your telephone number;
- The name of the case (*Flaccus v. Advanced Disposal Services, Inc.,* Case No. 2:17-cv-04808-MAK);
- A statement indicating (a) you want to be excluded from this Settlement, and by excluding yourself, you understand that you will not receive any money from this Settlement; or (b) "I request to be excluded from the Settlement in the *Flaccus* action and understand that, by doing so, I will not be entitled to receive any of the benefits from the Settlement."; and
- Your signature.

You must mail your exclusion request, postmarked no later than Month __, 2023, to:

*Flaccus v. Advanced Disposal Services, Inc.*
Attn: Settlement Administrator
P.O. Box _____
City, ST _____-____

| 16. | If I ask to be excluded from the Settlement, can I still get a payment? |
|---|---|

No, you will not receive a payment from the Settlement if you exclude yourself.

## OBJECTING TO THE SETTLEMENT

| 17. | How do I tell the Court if I do not like the Settlement? |
|---|---|

If you do not submit a timely and proper request for exclusion and you wish to object to the fairness, reasonableness, or adequacy of the Settlement, you must timely file a written objection with the Court and send a copy of that written objection by mail to Class Counsel and Defendants Counsel at the addresses provided below.

To be valid, your objection must include:

- Your name, your company's name and address, and your telephone number;
- Proof of your membership in the Settlement Class;
- A statement of the reasons for the objection and any evidence supporting those reasons;

- Copies of any other documents you wish to submit in support of your position;
- The name, address, email address, and telephone number of your lawyer, if you have one;
- A statement regarding whether you and/or your lawyer intend to appear at the Final Approval Hearing; and
- Your signature.

Your objection, along with any supporting material you wish to submit, must be received by the Court with a copy sent to Class Counsel and Defense Counsel postmarked no later than **Month ___, 2023** at the following addresses:

| Clerk of the Court | Class Counsel | Defendants Counsel |
|---|---|---|
| Clerk of the Court<br>James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | Benjamin M. Mather<br>Andrew J. Belli<br>KAUFMAN, COREN & RESS, P.C.<br>Two Commerce Square, Suite 3900<br>2001 Market Street<br>Philadelphia, PA 19103 | Rik S. Tozzi<br>Burr Forman LLP<br>420 North Twentieth Street<br>Suite 3400<br>Birmingham, AL 35203 |

### 18.   What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you remain a member of the Settlement Class (that is, do not exclude yourself). Excluding yourself is telling the Court that you don't want to be part of the Settlement. If you exclude yourself, you cannot object because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 19.   When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on Month ___, 2023 at ___:___ _.m. at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.

At this hearing, the Court will determine whether the Settlement is fair, reasonable, and adequate and whether to approve Class Counsel's request for attorneys' fees and litigation expenses and Incentive Payment. If there are objections, the Court will consider them. Judge Kearney will listen to people who have asked to speak at the hearing.

### 20.   Do I have to come to the hearing?

No. Class Counsel will answer any questions that the Court may have, but you may come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you delivered and mailed your written objection on time to the proper addresses, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 21.   May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing by including a statement in your objection indicating that you intend to appear at the Final Approval Hearing (*see* Question 17). You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 22.   What happens if I do nothing at all?

If you do nothing, you will automatically receive a payment from this Settlement if you qualify. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the Released Claims.

## GETTING MORE INFORMATION

| 23.   How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement and General Release. The Settlement Agreement and General Release and other related documents are available at www.[website].com. If you have additional questions you may call the Settlement Administrator at 1-xxx-xxx-xxxx, or write to:

*Flaccus v. Advanced Disposal Services, Inc.*
Attn: Settlement Administrator
P.O. Box _____
City, ST _____-_____

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR DEFENDANTS CONCERNING THIS CASE.**