IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FLACCUS,<br><br>        Plaintiff,<br><br>v.<br><br>ADVANCED DISPOSAL SERVICES EASTERN PA, INC. f/k/a ADVANCED DISPOSAL SERVICES SHIPPENSBURG, LLC; and ADVANCED DISPOSAL SERVICES SOUTH, LLC f/k/a ADVANCED DISPOSAL SERVICES, INC.<br><br>        Defendants. | Civil Action No. 2:17-cv-04808-MAK |

**<u>DECLARATION OF ANNE FLACCUS</u>**

      1.      I am the Class Representative preliminarily approved by the Court in this action, and submit this Declaration in support of: (1) Plaintiff's motion for final approval of the proposed settlement reached in this action (the "Settlement") and the proposed plan of allocation for the settlement proceeds; and (b) Lead Counsel's request for an award of attorneys' fees, reimbursement of litigation expenses, and an incentive award. I have personal knowledge of the matters set forth herein as I have been involved in monitoring and overseeing the prosecution and settlement of this action, and, if requested to do so, I could and would testify competently thereto.

      2.      In fulfillment of my responsibilities as Class Representative, and on behalf of all members of the Settlement Class, I undertook to diligently perform my role as Class Representative in pursuit of a favorable result in this action. This included: (a) conferring with counsel concerning the issues and strategy in this case; (b) reviewing court filings in the action and periodic reports from counsel concerning the work being done; (c) researching and

1

collecting relevant documents in my possession in preparation for discovery and in response to document requests from Defendants; (d) working with counsel to provide information for and verify the responses to interrogatories and requests for admission issued by the Defendants; and conferring with counsel with respect to settlement efforts.

3. Based on my involvement throughout the prosecution and resolution of this action, I believe that the proposed Settlement – which provides for $2,200,000.00 in Settlement Funds plus the forgiveness of $565,345.00 in debt purportedly owed to Defendants by the Settlement Class Members – is fair, reasonable, and adequate to the Settlement Class. The proposed Settlement represents a substantial portion of the potential recoverable damages, and the risks associated with proceeding in the litigation weigh heavily in favor of resolving the action now. When weighed against the costs and risks of continuing litigation, agreeing to the Settlement was the best course of action. Therefore, I endorse approval of the Settlement by the Court.

4. I believe that Class Counsel's request for an award of attorneys' fees in the amount of $733,333 is fair and reasonable. I have evaluated counsel's fee request by considering the amount of work they have performed on behalf of the Settlement Class, the complexity of the litigation, and the risk they undertook by pursuing this case on a contingency fee basis. I further believe that the litigation expenses for which reimbursement is requested are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this complex action.

5. On March 27, 2014, I executed a retention agreement with the Law Offices of Bernard M. Gross, P.C. (the "Gross Retention Letter"), executed by attorney Deborah Gross, who prosecuted this action on my behalf prior to Coren & Ress, P.C.'s involvement in this matter (both as a member of the Law Offices of Bernard M. Gross, P.C. and as of counsel with

Coren & Ress, P.C.'s predecessor, Kaufman, Coren & Ress, P.C.). While the Gross Retention Letter states that the Law Offices of Bernard M. Gross, P.C. "will seek court approval of a requested fee of twenty-five percent (25%) of the total recovery plus reasonable disbursements," I recognize that Coren & Ress, P.C. took efforts to expand the scope of this matter and are seeking a greater fee percentage (33 1/3%). I approve of them doing so due to their extraordinary efforts in this action.

6. I am aware that Coren & Ress, P.C. is subject to an agreement with Attorney Gross, and intends to distribute a percentage of the total fee to her pursuant to the terms of that agreement. I am further aware that Attorney Gross is subject to an agreement with Barry Katz, my son-in-law and legal advisor, providing for a referral fee of 20% of the total fees awarded. My relationship with Attorney Katz did not impact my duty to the other class members and the possibility of a fee award being shared with Attorney Katz did not factor into my decision to approve the ultimate settlement as being fair to the class as a whole. In ultimately agreeing to the Settlement in this matter, I took my guidance primarily from the attorneys at Coren & Ress, P.C., who concluded that the Settlement was favorable to both myself and the members of the class as a whole.

7. Based on the foregoing, and consistent with my obligation to the Class to obtain the best result at the most efficient cost, I support the Settlement, as well as Class Counsel's request for attorneys' fees and reimbursement of litigation expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 23, 2023.

_Anne Flaccus_
ANNE FLACCUS