IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FLACCUS,<br><br>    Plaintiff,<br><br>  v.<br><br>ADVANCED DISPOSAL SERVICES EASTERN PA, INC. f/k/a ADVANCED DISPOSAL SERVICES SHIPPENSBURG, LLC; and ADVANCED DISPOSAL SERVICES SOUTH, LLC f/k/a ADVANCED DISPOSAL SERVICES, INC.<br><br>    Defendants. | Civil Action No. 2:17-cv-04808-MAK |

## DECLARATION OF BARRY KATZ, ESQUIRE

1. I am Plaintiff Anne Flaccus's son-in-law and rendered her legal assistance in connection with this matter. I am an actively practicing licensed attorney in Pennsylvania and submit this declaration in support of the motion for attorneys' fees and expenses submitted by Class Counsel in this matter.

2. After researching the facts underlying this matter, which included extensive analysis of the terms of Plaintiff's agreement, research concerning the fees at issue, and preliminary interactions with Defendants, I referred it to Deborah Gross, Esquire of the Law Offices of Bernard M. Gross, P.C. ("Gross Law") given her extensive experience with class actions. I am party to an oral agreement with Attorney Gross for a referral fee of 20% of the total attorneys' fees awarded in this action.

3. I understand that Attorney Gross originally filed this action while at Gross Law, took it with her during her time as of counsel at Coren & Ress, P.C., and that, while Attorney

1

Gross is no longer privately practicing law, current Class Counsel Coren & Ress, P.C. continue to represent Plaintiff and the class in this matter.

4. While I did not keep formal records of my time spent on this action, I frequently interacted with Attorney Gross and the attorneys at Coren & Ress, P.C., to keep abreast of the status of this matter and provide my input and expertise when able. I was extensively involved in logistical matters and providing strategic guidance to Gross Law and Coren & Ress, P.C. concerning all aspects of this matter, from the pleadings, to motion practice, to discovery, and, ultimately, during the settlement process.

5. The terms and the total amount of the referral fee I have agreed to in this matter is consistent with my practice throughout my career (where I routinely receive higher percentage referral fees for matters in which I have performed far less work) and compliant with Pennsylvania Rule of Professional Conduct 1.5(e), which permits referral fee agreements with attorneys so long as "(1) the client is advised of and does not object to the participation of all the lawyers involved; and, (2) the total fee of the lawyers is not illegal or clearly excessive for all legal services they rendered the client." These conditions are satisfied here.

6. I understand that Ms. Flaccus has a duty to represent the interests of the class and am confident that the possibility that I share in the attorneys' fees awarded in this matter did not impact that duty. While I provided independent input when able to do so, Coren & Ress, P.C., ultimately recommended the Settlement reached in this matter as being favorable to both Plaintiff and the class as a whole, and I concur with that recommendation.

7. I will not share any of the fees I may receive in connection with this matter with Ms. Flaccus.

I declare under penalty of perjury that the foregoing is true and correct. Executed June 23, 2023.

_____
BARRY KATZ