## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNE FLACCUS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 17-4808** |
| | : | |
| **ADVANCED DISPOSAL SERVICES** | : | |
| **EASTERN PA, INC., ADVANCED** | : | |
| **DISPOSAL SERVICES SOUTH, LLC** | : | |

## <u>ORDER</u>

**AND NOW**, this 30th day of August, upon considering the Plaintiff's unopposed Motion (ECF No. 87) for final approval of a class settlement, unopposed Motion (ECF No. 88) for attorney fees, attorney costs, payment to settlement administrator, and a class representative contribution award, supplemental Memorandum (ECF No. 89) in support of the Motions, and after our extensive noticed Hearing on Final Approval (ECF No. 85), with no objections to the settlement, attorney fees, costs, or contribution award or other relief, and for reasons detailed in open Court including our continuing concern for unjustified contribution awards particularly in commercial disputes in furtherance of business interests, it is **ORDERED**:

A.      Plaintiff's unopposed Motion (ECF No. 87) for approval of class action settlement is **GRANTED**;

B.      Plaintiff's unopposed Motion (ECF No. 88) for attorney fees, attorney costs, and a class representative contribution award is **GRANTED** in part as to attorney fees, attorney costs, settlement administrator costs, but **DENIED** as to the full amount of requested contribution award as we find the studied declarations and extended case history warrant a contribution award of $6,000 payable from the settlement to the Plaintiff; and,

C.      We enter **JUDGMENT** consistent our findings after study of the Motions and the arguments during the Final Approval Hearing:

### *Findings of fair, adequate, and reasonable settlement.*

1.      We enjoy jurisdiction over the subject matter and over all parties under the Class Action Fairness Act including over all the defined Settlement Class Members following certification for settlement purposes.[1]

2.      Businessperson Anne Flaccus retained a law firm over nine years ago to represent her as a lead plaintiff in a class action complaint to be filed in the Court of Common Pleas of Chester County, Pennsylvania asserting Advanced Disposal Services, Inc. and Advanced Disposal Services South improperly and unilaterally increased the service rate charges to Chester County customers in violation of the waste removal service contracts.[2]

3.      Ms. Flaccus agreed her lawyers could seek an attorney fee up to twenty-five percent of the recovery for the class action lawsuit for Chester County commercial customers which counsel today represented would be approximately 549 businesses with a maximum loss of approximately $373,000.

4.      Ms. Flaccus's lawyer moved to a new law firm and the new law firm, with Ms. Flaccus's approval, amended their allegations to seek class treatment for similarly situated persons throughout the Commonwealth and Ms. Flaccus agreed her lawyers could then seek a greater percentage of the recovery given the substantial work awaiting them to certify a state-wide class of several thousand persons with anticipated losses more than $7,280,000.

---

[1] 28 U.S.C § 1332(d).

[2] ECF No. 1-4.

5.      Defendants removed invoking our subject matter jurisdiction under the Class Action Fairness Act on October 24, 2017.[3] Ms. Flaccus filed a third amended Complaint on December 8, 2017.[4]

6.      The Honorable C. Darnell Jones (Ret.) reviewed and denied Advanced Disposal Services's and Advanced South's Motions to dismiss for lack of personal jurisdiction and allowed the parties to engage in limited jurisdictional discovery.[5]

7.      Advanced Disposal Services and Advanced South moved for summary judgment based on lack of personal jurisdiction.[6] Judge Jones granted with prejudice Advanced Disposal Services's Motion for summary judgment and denied Advanced South's Motion for summary judgment on December 23, 2019.[7] Judge Jones dismissed Advanced Disposal Services from the case.[8]

8.      Judge Jones placed the case into suspense at the parties' joint request and terminated all deadlines on September 1, 2021.[9] Judge Jones ordered the parties file a joint status report on or before November 15, 2022.[10] The parties in the November 15, 2022 status report

---

[3] ECF No. 1.

[4] ECF No. 11. Ms. Flaccus filed the first two Complaints in state court before removal.

[5] ECF Nos. 15, 17, 27.

[6] ECF Nos. 33, 34.

[7] ECF No. 39, 40.

[8] *Id.* Judge Jones denied Ms. Flaccus's Motion for partial reconsideration. ECF No. 41, 46, 47.

[9] ECF No. 49.

[10] ECF No. 50.

represented the parties scheduled mediation with JAMS in January 2023 and "there is a good chance this matter will be settled in its entirety."[11] Judge Jones ordered a supplemental status report filed by February 15, 2023.[12]

9.      Chief Judge Sanchez randomly reassigned this case to us on November 17, 2022.[13]

10.     We held a status conference, removed the case from suspense, and issued a Scheduling Order governing, among other issues, phased fact and expert discovery on class certification and to prepare for trial either on Ms. Flaccus's individual claims or on behalf of a defined class; motions for class certification; and summary judgment.[14] The parties progressed in discovery consistent with our Scheduling Order.[15]

11.     Ms. Flaccus and her putative class faced significant questions on their ability to certify a class based on contract claims with differing contractual terms for different times as well as challenges to Ms. Flaccus's ability to serve as a typical lead plaintiff.

12.     The parties, having learned of other cases around the country addressing resolution in similar issues, participated in a thorough pre-mediation conference with the Honorable Morton Denlow (Ret.) on December 7, 2023 and set mediation for January 5, 2023.[16]

---

[11] ECF No. 52.

[12] ECF No. 53.

[13] ECF No. 54.

[14] ECF No. 55, 61, 62.

[15] ECF No. 62.

[16] ECF No. 74. The parties rescheduled mediation for January 17, 2023.

13.     On January 19, 2023, counsel advised the parties reached a class-wide settlement during mediation with Judge Denlow.[17]

### *We preliminarily approved a class settlement.*

14.     We granted the parties leave to move for preliminary approval of a class action settlement, approval of class notice, preliminary approval of a proposed plan of allocation, and for an award of attorney's fees and costs by February 8, 2023.[18]

15.     Ms. Flaccus moved for preliminary approval of the Class Settlement on February 8, 2023, including the Settlement Agreement and Release.[19] Defendants supported approval of Class Settlement.[20]

16.     We held a noticed hearing on February 15, 2023 on Ms. Flaccus's unopposed Motion for preliminary approval of settlement and preliminarily approved the Settlement Agreement and Release.[21]

17.     The proposed Settlement Agreement and Release resolves the Released Claims (breach of contract, unjust enrichment, and violation of the Unfair Trade Practices and Consumer Protection Law) against Advanced Disposal Services and Advanced South as plead in the third amended Complaint.

18.     Advanced Disposal Services and Advanced South agreed to pay **$2,200,000.00 million to the Class Members** consisting of cash benefits, legal fees and expenses, up to a

---

[17] ECF No. 77.

[18] ECF No. 79.

[19] ECF No. 81.

[20] ECF No. 80.

[21] ECF No. 85.

**$15,000.00 contribution award** to Ms. Flaccus, and pay settlement administration costs up to $100,000 allowing the net amount to be distributed to the Settlement Class at a *pro rata* portion of the fuel surcharges, environmental charges, and administrative fees they paid during the defined Class Period. Advanced Disposal Services and Advanced South also agreed to forgive (and have already done so) $565,345.60 in debt owed by certain class members on these challenged fees.[22]

19.     We preliminarily certified a Settlement Class on behalf of:

> **All Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018.**
>
> **Excluded from the class are: (1) all customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.[23]**

20.     We appointed Anne Flaccus as Class Representative for the Settlement Class and Coren & Ress, P.C. as Class Counsel for the Settlement Class.[24]

21.     We appointed KCC Class Action Services, LLC (www.kccllc.com) as Settlement Benefits Administrator to administer the Settlement.[25]

---

[22] ECF No. 81-3 at 10.

[23] ECF No. 85 ¶ 12a.

[24] *Id.* ¶¶ 13-14. We also acknowledge Gross Law expended 226 hours from this cases inception through May 31, 2023.

[25] *Id.* ¶ 15.

22.     We approved the proposed Notice (ECF No. 84-1) as revised in accord with the parties' agreements during our February 15, 2023 preliminary approval hearing.[26]

23.     We ordered KCC Class Action Services to provide Notice consistent with the Settlement Agreement and arrange the settlement website no later than April 10, 2023.[27]

24.     Counsel certified compliance with our February 21, 2023 Order (ECF No. 82) regarding Notice to the Settlement Class.[28]

### *We identify 12,229 Class Members.*

25.     Settlement Administrator KCC Class Action Services provided a postcard Summary Notice via United States Postal Service to 12, 229 individuals in compliance with our February 21, 2023 Order (ECF No. 82). Only 1,133 Notices out of the 12,229 Notices mailed were not able to be delivered, resulting in a success rate in excess of 90.7%.[29]

26.     There are a total of 12,229 identified Class Members.[30]

27.     There are no objections to the Settlement from Class Members.[31]

### *The Class and Notice satisfy Rule 23.*

28.     We certify the Settlement Class on all claims under Fed. R. Civil P. 23(a), (b)(3) as:

---

[26] *Id.* ¶ 16.

[27] *Id.*

[28] ECF No. 86.

[29] ECF No. 87-1 at 11.

[30] ECF No. 87-7 ¶ 2.

[31] *Id.* ¶ 8.

All Advanced Disposal commercial customers in Pennsylvania who paid one or more of a fuel surcharge, environmental fee, or administrative fee, to Advanced Disposal from October 1, 2012 to September 12, 2018.

Excluded from the class are: (1) all customers who signed a written contract that included an arbitration clause and class action waiver; (2) the district and magistrate judges presiding over this case; (3) the judges of the Third Circuit; (4) the immediate families of the preceding person(s); (5) any Released Party; (6) any Settlement Class Member who timely opts out of this Action; and (7) Class Counsel, their employees, and their immediate families.[32]

29.      The Class Representative acted independently, and Class Representative and Class Counsel fairly and adequately represented the Class in connection with the litigation and Settlement.

30.      The Settlement arises from a genuine controversy between the parties and is not the result of collusion, fraud, or misrepresentation.

31.      This Settlement forever releases and discharges all Released Claims against all Releasing Settlement Class Members. This Final Approval Order dismisses this action with prejudice and incorporates the terms of release.[33]

32.      We approve the release: "[F]or good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge Defendants and the other Released

---

[32] The Class is as we preliminarily approved on February 21, 2023 (Doc. No. 85). We review the Settlement Class at this stage. Rule 23(a) sets four requirements for certification of a class action: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). The Class satisfies the Rule 23 requirement: (1) the class size of 12,229 renders joinder impracticable; (2) common questions of law and fact include whether Advanced Disposal Services and Advanced South violated Pennsylvania law by improperly charging and collecting fuel surcharges, environmental fees, and administrative fees; (3) Ms. Flaccus's claims are typical of the claims of the Settlement Class; and (4) Class Counsel has proven to be qualified, experienced, and generally able to conduct the proposed litigation and the Class Representative's interests are not antagonistic to the Class. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 426-435 (3d Cir. 2016).

[33] ECF No. 87-3; Settlement Agreement and Release § XI.

Parties. of and from any and all claims, rights, causes of action, liabilities, or other obligations (other than obligations imposed by this Agreement) of any kind, whether known or unknown, that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in all complaints filed in this action, including, but not limited to: Federal statutes; Federal common law; Pennsylvania statutes; Pennsylvania common law; equitable claims: including claims for injunctive or declaratory relief, breach of contract: unjust enrichment: Pennsylvania Trade Practices and Consumer Law 73 P.S. § 201-1 , *et seq.:* and, 73 P. S. § 201-2 *et seq..* Also released are any and all claims for any type of damage or compensation whatsoever, including claims for compensatory and punitive damages that were asserted in the Action, or that could have been asserted in the Action based on the facts alleged in all complaints filed in this action."[34]

33.      After applying each of the factors reaffirmed by our Court of Appeals in *In re Nat'l Football League Players Concussion Injury Litigation*, we approve the Settlement Agreement and Release and find the settlement fair, reasonable, and adequate to all members of the Class.[35]

---

[34] *Id.*

[35] When determining whether a proposed class action settlement is fair, reasonable, and adequate, we consider nine factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation." *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 437 (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

The first factor supports settlement because this action involved complex questions under the Pennsylvania law and the Unfair Trade Practices and Consumer Protection Law. Ms. Flaccus

34.     We authorize and direct implementation and performance of all the terms and provisions of the Settlement Agreement and Release, as well as the terms and provisions hereof.[36]

35.     The Class satisfies Fed. R. Civ. P. 23(a) and is maintainable under Rule 23(b)(3). We certify the Class for purposes of settlement.

36.     The Notice approved by this Court and provided to all members of the Class satisfies Fed. R. Civ. P. 23(e)(1) including through mailing to all potential Class Members and on the Settlement Administrator's website adequately informed Class Members the terms of the Settlement and the procedure to object to the Settlement, and to be heard at our Final Approval Hearing.[37]

37.     The Settlement Agreement will not be interpreted as an admission of any wrongdoing or give rise to inference of liability. "Defendants deny any liability or wrongdoing

---

began this litigation over nine years ago and it today resolves, through extensive negotiations, for over 12,000 Class Members. The second factor supports settlement because the Class responded overwhelmingly favorably to the settlement and there are no objectors. The third factor supports settlement because the parties reached settlement after litigating this matter extensively over a period of several years as demonstrated in the extensive and detailed time records provided by counsel. The fourth factor supports settlement because the Class Representative faced significant risk in class certification and in establishing a claim on a class–wide basis and this settlement provides relief to over 12,000 Class Members. The fifth factor supports settlement given the significant risk of establishing these damages and advancing arguments under the developing law in federal courts. The sixth factor also militates in favor of approval as settlement precludes the risk associated with trial and the multiple class certification and evidentiary challenges. The seventh factor weighs in favor of settlement mindful Advanced Disposal Services and Advanced South may have been able to sustain a greater judgment, but it may be difficult to establish damages at a greater number on a class wide basis given the arguments challenging the varied contractual obligations. The eighth and ninth factors support a finding of a reasonable, fair, and adequate settlement considering the risks faced by the Plaintiff and pursuing a settlement fund of this amount and a separate recovery for attorney's fees.

[36] *See* ECF No. 87-3.

[37] *Id.* at 9–12.

of any kind associated with the claims alleged, and assert their actions comply with all applicable provisions of federal and state law, that in any event they are not liable for any of the claims asserted. Defendants also continue to assert the Action fails to meet the prerequisites necessary for class action treatment under applicable law but, despite this belief, they will not oppose certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement. Other than for purposes of this Settlement, Defendants do not waive their objections to certification of the Settlement Class."[38]

38.     Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

39.     The Plan of Allocation as described in the Court-approved Notices sent to Class Members is fair and provides a reasonable basis upon which to allocate the proceeds among Class Members, with due consideration given to administrative convenience and necessity, and mindful class member will receive payments before the contribution award or distribution of attorney fees and costs.

40.     The parties complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq* and notified the appropriate state and federal officials as provided by section 1715 of the Act.

41.     No members of the Class other than the Class Representative attended the Final Approval Hearing to raise objections, advance questions, or oppose the settlement.

---

[38] *Id.* at 6.

11

42.     Class Counsel and the Claims Administrator shall post this Order on the Settlement Website to remain open until at least sixty days after our final Order approving the final distribution of Settlement Funds.

### *We approve Class Counsel's requested fees and costs.*

43.     Class Counsel agreed to represent Ms. Flaccus and the Class on a contingency basis and today request an attorney's fee of 33.33% of the Settlement Funds ($733,333.00), plus reimbursement of litigation expenses totaling $22,058.17 to be deducted taken from the Settlement Fund.[39]

44.     Class Counsel provided highly competent representation for the Class. Class Counsel at Coren & Ress devoted 1458.3 hours to this matter while Gross Law contributed an additional 226 hours.[40]

45.     We award $733,333.00 in fees and $22,058.17 in litigation expenses to be paid from the Settlement Fund to Class Counsel no sooner than the initial distribution to the Class and consistent with this Order and the Settlement Agreement.

        a.  Exercising our discretion, we conduct a "thorough judicial review" to determine the amount of any award to counsel.[41] "Judicial deference to the results of private negotiations is undoubtedly appropriate for many settlements, but not for class action settlements, including their attorney fee terms. 'That the defendant in form agrees to pay the fees independently of any

---

[39] ECF No. 88.

[40] ECF No. 88-1 at 19.

[41] *In re Diet Drugs*, 582 F.3d 524, 537–38 (3d Cir. 2009) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995)).

monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award.'"[42]

    b.    We scrutinize a fee request separate from the compensation paid to the Class to ensure Class Counsel is not obtaining a percentage recovery which it could not otherwise obtain if we considered the entire compensation. We view the entire compensation as one compromise. We find the total compensation package of $755,391.17 appropriate after applying our reasonableness factors.

    c.    Class Counsel conducted extensive investigation, research, focused discovery and evaluated respective risks of further litigation, including the risk of decertification of the certified class, additional costs, and delay associated with further prosecution of this action. The parties reached the agreement through arm's length settlement negotiations leading to the settlement, and, ultimately the Settlement Agreement and Release. Class Counsel's fees are reasonable and necessary for the benefit of the Class.[43]

---

[42] *In re Southwest Airlines Voucher Litig.*, 799 F.3d 701, 713 (7th Cir. 2015) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003)).

[43] We consider our Court of Appeals' *In re Diet Drugs* seven factors to analyze the reasonableness of the requested fee: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiff's counsel; and (7) the awards in similar cases. 582 F.3d 524, 541 (3d Cir. 2009).

As to the first factor, the Settlement Funds addresses the claims under the approved Settlement Agreement providing an immediate benefit to each Class Member. The second factor supports the proposed fee because there were no objectors. The third factor supports the proposed fee as Class Counsel possesses substantial experience in class action litigation and performed admirably in their fiduciary role before us. Class Counsel secured a monetary benefit to the Class. The fourth factor supports the proposed fee because the issue's complexity, difficult class certification questions in a contract-based claim across several regions of the Commonwealth among a variety of business class members, required motion practice, substantial discovery, and a negotiated settlement. Litigation of these issues beyond the almost nine years of litigation to

13

d.       Class Counsel and Defendants' counsel thoughtfully cooperated to resolve the claims in a professional manner. Class Counsel prepared comprehensive filings in support of approving the settlement and an award of fees further confirming their competence and advocacy on behalf of the Class.

e.       As a cross-check, we reviewed Class Counsel's lodestar of $850,613.00 based on the fee schedule established by Community Legal Services of Philadelphia.[44] The lodestar represents total hours of work through May 31, 2023.

f.       The requested fee of 733,333.00 represents at least a $117,280.00 discount to the lodestar, resulting in a negative .86 lodestar multiplier.[45]

46.      We award $733,333.00 in attorney's fees to Class Counsel defined in our February 21, 2023 Order (ECF No. 85) as Coren & Ress, P.C.

47.      We permit Coren & Ress to share the fees with Attorney Deborah R. Gross based on the relative time spent on the case by the Gross Law Firm and Coren & Ress and for a

---

date would have likely resulted in an increasing and significant expense but for the Settlement. The fifth factor supports the proposed fee as Class Counsel undertook this representation understanding Ms. Flaccus did not owe fees unless Class Counsel recovered. The sixth factor supports the proposed fee because Class Counsel invested approximately 1,680 hours prosecuting this litigation at hourly rates of approximately $85 to $100 per hour for paralegals; $200 to $300 for associates; and $360 through $850 per hour for partners. ECF No. 88-1 at 10. Our approval today does not equate to a finding these hourly rates are the fair rates in this District but no Class Member objects and even if we were to redline the hourly rates based on fees in this District, Class Counsel have shown an approximate one-third recovery is appropriate for their efforts in this difficult case. The seventh factor supports the proposed fee as consistent with fee awards in this District.

[44] *See* ECF No. 88-11.

[45] ECF No. 88-1 at 19–21.

separate referral fee to Attorney Barry Katz who referred his mother-in-law Ms. Flaccus to Attorney Gross and thereafter provided legal services to Ms. Flaccus.[46]

48.     Class Counsel will not allow Ms. Flaccus or counsel to share the attorney fees and costs as these are separate awards.

49.     We award $ 22,058.17 to reimburse Class Counsel for reasonable litigation costs and expenses.

### *We approve the payment of a $6,000 contribution award to Ms. Flaccus.*

50.     Class Counsel requests a $15,000 contribution award for Class Representative Ms. Flaccus.[47]

51.     Ms. Flaccus's efforts gave significant benefit to Class Members including 1) promotion of the public interest in bringing to light claims which otherwise may never have been asserted; 2) conferring with counsel concerning the issues and strategy in this case; 3) reviewing court filings in the action and periodic reports from counsel concerning the work being done; 4) researching and collecting relevant documents in my possession in preparation for discovery and in response to document requests from Defendants; 5) working with counsel to provide information for and verify the responses to interrogatories and requests for admission issued by the Defendants; and 6) conferring with counsel with respect to the settlement efforts yielding $2,200,000 in Settlement Funds for the benefit of the Settlement Class Members.[48]

52.     We agree with all counsel as to the value of a representative award reasonably tailored to the services offered by the lead plaintiff beyond agreeing to bring a claim. Her role

---

[46] *Id.* at 21–23.

[47] *Id.* at 24.

[48] ECF No. 88-13.

allows all counsel an opportunity to explore a variety of concerns raised in a class action for the defendants responding to class allegations and looking for meaningful resolution when possible.

53.     But we do not see a basis for awarding more than a three multiplier on her potential recovery as a class member. Counsel anticipate class members like Ms. Flaccus with longer contractual relationship may receive over $1,000 in the pro rata distribution of the Settlement Fund net of attorney fees, costs, and settlement administrator demonstrated costs. Defendants chose to not depose Ms. Flaccus so she did not invest time under oath. She is suing as a businessperson seeking to recover for losses to her business. We heard no evidence she is under a threat of loss of a job or reputation in bringing this contract claim into the public forum. She chose to not appear for our hearings.

54.     We approve of a contribution award of $6,000 to Ms. Flaccus for her time and effort, finding it to be fair and reasonable for her efforts on behalf of Class Members. This award shall be paid from the Settlement Fund at the same time as distribution to the attorneys for their fees and costs.

***We approve of the payment to the Settlement Administrator KCC Class Action Services, LLC.***

55.     We preliminarily approved Settlement Administrator KCC Class Action Services to be reimbursed for costs not exceeding $100,000 to be recovered from the Settlement Funds.[49]

56.     KCC Class Action Services incurred $23,430.57 in costs through May 2023 and expects to incur a total cost of administration in this matter of $90,000.

57.     Counsel assured us today of their continuing diligence in scrutinizing the past and future invoices for services provided by the Settlement Administrator.

---

[49] ECF No. 85 ¶ 9.

58.     We award no more than $100,000 to KCC Class Action Services to be paid from the Settlement Fund and KCC Class Action Services shall not be paid until the first distribution to Class Members.

### *We approve the Plan of Allocation.*

59.     We approve the plan of allocation requiring after accounting for our approved notice and administration costs, attorney fees and expenses, the Settlement Class Members will be allocated a payment amount based on the pro rata share of total fees each of them paid during the class period and Ms. Flaccus will be paid a contribution award when counsel is paid.[50]

60.     Checks based on this calculation will be mailed to each of the Settlement Class Members and, if not cashed or returned within sixty days, the Settlement Benefits Administrator will mail a second round of checks after skip tracing. If there remain uncashed checks after the second round, the total uncashed funds will be pooled and distributed on a pro rata basis in a third round to those Settlement Class Members which cashed their checks.[51]

61.     Any funds allocated to the Settlement Class Members remaining after this process may, upon moving for our approval,  be donated to The Pennsylvania Small Business Development Centers (https://www.pasbdc.org/), a nationally accredited program that provides training, resources, and other services to entrepreneurs looking to start or grow their small businesses.

62.     Attorney fees and litigation expenses, along with the contribution award to Ms. Flaccus will not be distributed until payment to the Settlement Class Members has concluded.

---

[50] ECF No. 87-3 at 7–8.

[51] *Id.*

17

63.     Class Counsel shall file a Notice of complete distribution within ten days of issuing the final distribution checks.

64.     We heard no objections to the plan of allocation and find the plan fair and reasonable.

### *We dismiss the claims.*

65.     The claims of all Class Members based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class Action Complaint, on the merits are dismissed with prejudice and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement and Release.

66.     The Clerk of Court shall **close this case** retaining jurisdiction only to enforce this Order.

_____
KEARNEY, J.

18